## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

**DEEP MARINE HOLDINGS, INC.,**
**and DEEP MARINE TECHNOLOGY**
**INCORPORATED**

        **Plaintiffs,**

**v.**

                                            **Adversary No. _____**

**FLI DEEP MARINE LLC, BRESSNER**
**PARTNERS LTD., LOGAN LANGBERG**
**HARLEY LANGBERG, AND**
**DEEPWORK, INC.**

        **Defendants.**

## DEBTORS' ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY
## RESTRAINING ORDER, PRELIMINARY INJUNCTION
## AND PERMANENT INJUNCTION

Plaintiffs Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated (the "Debtors") file this Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, Harley Langberg and Deepwork, Inc. (together, the "Delaware Plaintiffs") as follows:

## I.  PARTIES

1.      The Debtors are debtors and debtors-in-possession in the above captioned jointly administered bankruptcy case by virtue of having filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 4, 2010.

2.      The Delaware Plaintiffs are former minority shareholders of Deep Marine Technology Incorporated and can be served as follows:

(a)      Delaware Plaintiff FLI Deep Marine LLC may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

(b)      Delaware Plaintiff Bressner Partners Ltd. may be served with process by serving Jeffrey Langberg, 575 Madison Avenue, 10th Floor, New York, New York 10022.

(c)      Delaware Plaintiff Logan Langberg may be served with process by serving Jeffrey Langberg, 575 Madison Avenue, 10th Floor, New York, New York 10022.

(d)      Delaware Plaintiff Harley Langberg may be served with process by serving Jeffrey Langberg, 575 Madison Avenue, 10th Floor, New York, New York 10022.

(e)      Delaware Plaintiff Deepwork, Inc. may be served with process by serving its registered agent, CT Corporation System, 350 N. Saint Paul St., Dallas, Texas 75201.[1]

## II.  JURISDICTION AND VENUE

---

[1] Delaware Plaintiffs Bressner Partners appears to be an Isle of Jersey corporation whose registered agent is not readily available at this time.  However, Bressner Partners, along with Logan Langberg and Harley Langberg provided the service address of Jeffrey Langberg in their demands for appraisal.  Consequently, at this time, given the timely relief requested herein, the Debtors seek to serve process on Bressner Partners, along with Logan Langberg and Harley Langberg via Jeffrey Langberg.  As further means to give full notice of this Original Complaint and Application, the Debtors are serving the same by electronic mail on the attorneys of record in the Delaware Actions (as defined below) for the Delaware Plaintiffs.

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 because this is a proceeding arising in or related to a case under the Bankruptcy Code.  Pursuant to Federal Rule of Bankruptcy Procedure 7008(a), the Debtors state that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), (G) and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the chapter 11 cases this proceeding relates to are pending in this district.

### III.  BACKGROUND FACTS

4.      On December 4, 2009 (the "Petition Date"), the Debtors and certain of their affiliates filed voluntary petitions for relief under chapter 11, Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

5.      Prior to the Petition Date, on October 26, 2009, Delaware Plaintiffs FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, and Harley Langberg filed a complaint in the Delaware Chancery Court initiating *FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, and Harley Langberg v. Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., Otto Candies, LLC, Deep Marine Holdings, Inc. and Deep Marine Technology Inc.*, No. 5020-VCS, which is now pending before Vice Chancellor Strine.

6.      Also prior to the Petition Date, on October 30, 2009, Deepwork, Inc. filed a complaint initiating *Deepwork Inc. v. Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., Otto Candies, LLC, Deep Marine Holdings, Inc. and Deep Marine*

*Technology Inc.* No. 5032-VCS, which is also now pending before Vice Chancellor Strine (both Delaware lawsuits, referred to collectively herein as the "Delaware Actions") (both complaints in the Delaware Actions are attached hereto as **Exhibit A**).

7.      The defendants in the Delaware Actions are former or current officers, directors or shareholders of the Debtors, or affiliates thereof.

8.      As mentioned above, the Delaware Plaintiffs are former minority shareholders of Deep Marine Technology Incorporated.  Upon information and belief, the Delaware Plaintiffs originally purchased shares of Deep Marine Technology Incorporated in early 2002.  On or around March 27, 2009, all shares in Deep Marine Technology Incorporated were exchanged for shares of Deep Marine Holdings, Inc.  Later, in July 2009, Deep Marine Holdings, Inc. commenced and concluded a Delaware Section 523 short-form merger with a Delaware corporation named NKOC, Inc.  Pursuant to that merger, the Delaware Plaintiffs, as minority shareholders, were "cashed-out."

9.      In the Delaware Actions, the Delaware Plaintiffs allege the following causes of action:

(a)      Claim against the Debtors for appraisal;

(b)      Claim against the officers and directors of the Debtors for breach of fiduciary duty;

(c)      Claim against certain shareholders for breach of fiduciary duty;

(d)      Claim against certain shareholders for unjust enrichment;

(e)      Claim against certain shareholders for aiding and abetting a breach of fiduciary duty;

(f)      Claim against officers and directors for aiding and abetting a breach of fiduciary duty;

(g)      Claim against all defendants for fraud through active concealment of material facts;

(h)     Claim against all defendants for fraud through silence in the face of a duty to disclose;

(i)     Claim against certain shareholders for wrongful equity dilution; and

(j)     Claim against Debtors for an accounting.

(together, the foregoing causes of action are referred to herein as the "Delaware Causes of Action").

## IV.  CAUSES OF ACTION

### COUNT ONE: DECLARATORY JUDGMENT

10.     To the extent necessary or appropriate, the foregoing paragraphs are incorporated herein.

11.     Under the Uniform Declaratory Judgment Act, this Court has the power to declare rights, status and other legal relations whether or not further relief could be claimed.  A person interested under a deed, will, written contract or whose rights, status or other legal relations are affected by a statute, ordinance or contract may have any question of construction or validity arising under an instrument, statute, ordinance or contract determined and obtain a declaration of their rights, status or other legal relations thereunder.  *See* 28 U.S.C. § 2201 et. seq.

12.     Declaratory relief is proper here because a bona fide dispute exists as to the ownership of the Delaware Causes of Action.  Specifically, the Debtors believe that some or all of the Delaware Causes of Action may be properly categorized as derivative claims, in which case such causes of action are the property of the Debtors' estates pursuant to § 541 of the Bankruptcy Code.  *See Tooley v. Donaldson, Lufkin, & Jenrette, Inc., et al.*, 845 A.2d 1031 (Del. 2004); *see also In re Dexterity Surgical, Inc.*, 365 B.R. 690, 695 (Bankr. S.D. Tex. 2007) (J. Isgur) (citing and applying *Tooley*).  In fact, Paul McKim, a named defendant in the Delaware Actions brought many of the Delaware Causes of Action against the defendants currently named

in the Delaware Actions as explicit derivative causes of action in a Texas state court proceeding in October 2008 titled *Paul McKim, individually and derivatively on behalf of the nominal defendants Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated v. Nasser Kazeminy, Otto Candies, Jr., John Hudgens, DCC Ventures, LLC, Otto Candies, LLC, NJK Holding Corporation, Otto Candies, III, John Ellingboe, Daniel Erickson, Larry Lening, Jr., Bruce C. Gilman, Eugene DePalma, Wade Abadie, Jr., Deep Marine Holdings, Inc. and Deep Marine Technologies* [sic] *Incorporated,* Cause No. 2008-64124, in the District Court of Harris County, Texas, 129th Judicial District (the "Texas Action") (see the Original Petition in the Texas Action, attached hereto as **Exhibit B**). The Texas Action was eventually dismissed pursuant to a motion to dismiss because the Court found that Paul McKim, as plaintiff in the Texas Action, no longer had standing to pursue the causes of action asserted in the Texas Action, because Paul McKim was no longer a shareholder of the Debtors. (See the Motion to Dismiss the Texas Action and the Order granting the Motion to Dismiss the Texas Action, attached hereto as **Exhibit C**).

13.     Approximately two months after the Texas Action was dismissed, the Delaware Plaintiffs initiated the Delaware Actions, essentially asserting the same causes of action.

14.     Also, on November 3, 2008, FLI Deep Marine LLC and Bressner Partners Ltd. filed a complaint in the Court of Chancery of Delaware *derivatively* on behalf of the Debtors and alleged causes of action substantially similar to the Delaware Causes of Action. (See the November 3, 2008 Complaint attached hereto as **Exhibit D**). That complaint was eventually dismissed without prejudice.

15.     Conversely, the Delaware Plaintiffs appear to believe that none of Delaware Causes of Action belong to the Debtors or else the Delaware Plaintiffs are knowingly violating

Case 10-03026 Document 1 Filed in TXSB on 01/19/10 Page 7 of 15

the automatic stay of § 362, as they have continued to prosecute the Delaware Causes of Action even after the Petition Date (as evidenced by the pleadings detailed on the docket sheets for the Delaware Actions, attached hereto as **Exhibit E**).

16.     Bankruptcy Courts have exclusive jurisdiction of all cases under Title 11 of the United States Code.  28 U.S.C. § 1334(a).  Also, pursuant to 28 U.S.C. § 1334(e)(1), the Bankruptcy Court has exclusive jurisdiction over all of the property, wherever located, of the Debtors.  The Debtors request that this Court determine the applicability of § 541 of the Bankruptcy Code to the Delaware Causes of Action and declare the rights of the Debtors and Delaware Plaintiffs with respect thereto.

**COUNT TWO:  ENFORCEMENT OF THE AUTOMATIC STAY**

17.     To the extent necessary or appropriate, the foregoing paragraphs are incorporated herein.

18.     Pursuant to Count One above, if the Court declares that any or all of the Delaware Causes of Action are property of the Debtors' estates pursuant to § 541, then the Debtors request that the Court enforce the automatic stay by barring the Delaware Plaintiffs from further "exercising control over property of the estate" by pursuing the Debtor owned Delaware Causes of Action.  11 U.S.C. § 362(a)(2).

19.     As it stands now, the Delaware Plaintiffs have filed a letter to Vice Chancellor Strine in the Delaware Actions contending that the Delaware Actions are "not stayed as to any of the other [non-Debtor] Defendants" and requesting that the Delaware Plaintiffs be allowed to pursue their remedies against such non-Debtor defendants.  (See Delaware Plaintiffs' letter to Vice Chancellor Strine, attached hereto as **Exhibit F**).

20.     The Debtors are familiar with this Court's prior decisions providing that state courts have concurrent jurisdiction pursuant to 28 U.S.C. § 1334(b) to determine whether the automatic stay applies.  *See Diaz v. Texas (In re Diaz)*, 327 B.R. 796, 800 (Bankr. S.D. Tex. 2005) (J. Isgur); *In re Epstein Jr. Operating Co., Inc.*, 314 B.R. 591, 598-99 (Bankr. S.D. Tex. 2004) (J. Isgur).  However, if and when this Court determines that any of the Delaware Causes of Action are property of the Debtors' estates pursuant to § 541, "the state courts lack authority to terminate the stay when it in fact does apply.  The bankruptcy court alone has authority to modify the stay."  *In re Diaz*, 327 B.R. at 801.  Thus, upon issuing a declaratory judgment finding that some or all of the Delaware Causes of Action belong to the Debtors' estates, the Debtors request that the Court enforce the automatic stay and bar the Delaware Plaintiffs from prosecuting such Delaware Causes of Action or seeking to terminate the stay without further order of this Court.

## COUNT THREE:  VIOLATION OF THE AUTOMATIC STAY

21.     To the extent necessary or appropriate, the foregoing paragraphs are incorporated herein.

22.     If the Court determines that some or all of the Delaware Causes of Action are property of the Debtors' estates, then by continuing to prosecute the Delaware Actions post-petition, as evidenced by the docket sheets attached hereto as Exhibit D, the Delaware Plaintiffs have willfully violated the automatic stay of § 362 by acting "to obtain possession of property of the estate or to exercise control over property of the estate," which is expressly prohibited by 11 U.S.C. § 362(a)(3).

23.     Therefore, upon issuing a declaratory judgment finding that some or all of the Delaware Causes of Action belong to the Debtors' estates, the Debtors request a finding that the

Delaware Plaintiffs have violated the automatic stay and are in contempt of court and liable for contempt sanctions as well as being liable for actual damages, including costs and attorneys' fees pursuant to 362(k)(1).

### COUNT FOUR:  TURNOVER OF PROPERTY OF THE ESTATE

24.     To the extent necessary or appropriate, the foregoing paragraphs are incorporated herein.

25.     If the Court determines that some or all of the Delaware Causes of Action are property of the Debtors' estates, then the Debtors request that the Delaware Plaintiffs be ordered to turnover such Delaware Causes of Action to the Debtors.

### V.  APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

26.     Pursuant to § 105 of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Debtors submit that the relief requested herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code.  The purpose of § 105(a) is "to assure the Bankruptcy Court's power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction."  2 Collier Bankruptcy ¶ 105.02, at 105-4 (15th rev. ed. 1988).  Thus, § 105 essentially codifies the Bankruptcy Court's inherent equitable powers.  *See Management Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (court's equitable power derived from section 105 of the Bankruptcy Code).

27.     The facts set out above establish that the Debtors are entitled to injunctive relief.  First, Delaware Plaintiffs' actions as described herein will cause immediate and irreparable injury to the Debtors' estates for which there is no adequate remedy at law.  Specifically, if the Delaware Plaintiffs are allowed to proceed with certain Delaware Causes of Action that are

eventually determined to be property of the Debtors' estates pursuant to § 541, Debtors will be imminently injured by prosecution of the case in a manner in which they have not approved and have not participated.  For example, based on the docket sheets in Exhibit D, *during the post-petition period* the Delaware Plaintiffs have filed memoranda of law related to discovery rights, sent a letter to Vice Chancellor Strine staking out legal positions, served requests for production, and entered into stipulations.  All of these actions compromise the rights and interests related to the Delaware Causes of Action, which may be property of the Debtors' estates.  Moreover, the Debtors will have no adequate remedy at law because multiple lawsuits would be required to attain monetary damages.  The Debtors' resources are extremely limited and such an undertaking would expose the Debtors and their respective estates to considerable cost and delay, which could prove overwhelming.  The Delaware Plaintiffs should be immediately enjoined from prosecution of the Delaware Causes of action "pending a determination of who owns the claims in the state court suit."  *In re Dexterity Surgical, Inc.*, 365 B.R. at 695.

28.    Furthermore, there is a substantial likelihood that the Debtors will succeed on the merits of their claim that some or all of the Delaware Causes of Action belong to the Debtors estates.  The standard for determining whether a cause of action is a direct claim or derivative claim focuses on the following:  Who suffered the alleged harm – the corporation or the suing stockholder individually – and who would receive the benefit of the recovery or other remedy? (i.e. the "Tooley Standard" as annunciated in *Tooley v. Donaldson, Lufkin, & Jenrette, Inc., et al.*, 845 A.2d 1031 (Del. 2004) and applied by this Court in *In re Dexterity Surgical, Inc.*, 365 B.R. at 695-702).  Indeed, the bulk of the Delaware Causes of Action focus on the harm to the Debtors as the crux appears to be an alleged misuse of corporate funds.  Per the Delaware Plaintiffs' own colorful language in their complaints (see Exhibit A), it was the Debtors who

allegedly suffered the harm by allegedly being "looted," "corrupted," "destroyed," "ruined," etc. *Accord In re Dexterity Surgical, Inc.*, 365 B.R. at 697-98 ("The Court notes that there is a recurring theme in Plaintiffs' allegations … : Dexterity suffered injury.").  Furthermore, nearly identical claims were brought in the Texas Action as derivative claims.  When the court in the Texas Action found that the plaintiff lacked standing to bring derivative claims, the Delaware Plaintiffs re-filed the claims as direct claims in an attempt to circumvent their lack of standing.

29.     Additionally, the balance of hardships favors the Debtors, as the temporary injunctive relief sought herein will only preserve the status quo pending determination of the causes of action set forth in this Original Complaint producing no harm to the Delaware Plaintiffs other than a brief delay while this Court determines the merits of this Original Complaint.  Conversely, if a temporary injunction is not granted, the rights of the Debtors in estate property will be irreparably damaged, and value to the estate and its creditors could be severely diminished.

30.     Finally, the requested injunctive relief is in the public interest because it ensures the protection of the rights of creditors (by allowing debtors the opportunity to protect and maximize assets) and furthers the intent of the Bankruptcy Code to allow debtors to reorganize.

31.     Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7065, the Debtors seek an immediate temporary restraining order restraining the Delaware Plaintiffs from taking any further actions in or affecting the Delaware Actions, until such time as the Court can determine the merits of the Debtors' causes of action set for the in this Original Complaint.

32.     Further, Debtors requests that after notice and a hearing, the temporary restraining order be made a preliminary injunction until the time of trial.  Following trial, the Debtors seeks

a declaration that the injunction provided by § 362 of the Bankruptcy Code applies to the Delaware Causes of Action (in essence, a permanent injunction).

33.     The Application for Temporary Restraining Order is supported by the verification of John Bittner, attached hereto and incorporated herein by reference.

## VI.  BOND

34.     The Debtors are not required to post a bond in connection with this adversary proceeding under Fed R. Bankr. P. 7065.

## VII.  REQUESTED RELIEF

35.     In accordance with the pleadings set forth herein and pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7065, Debtors request the following:

(a)     a temporary restraining order issued without notice or hearing that restrains the Delaware Plaintiffs, together with their officers, directors, employees, shareholders, lawyers, agents and other persons acting or purporting to act on their behalf, from prosecuting the Delaware Actions and/or exercising any control whatsoever over the Delaware Causes of Action until such time as this Court has adjudicated which, if any, of the Delaware Causes of Action are property of the Debtors' estates;

(b)     a hearing within fourteen (14) days of the issuance of a temporary restraining order to determine whether the temporary restraining order should be made into a preliminary injunction and the issuance of a preliminary injunction;

(c)     a hearing on the Debtors' cause for declaratory judgment and a declaratory judgment by the Court that the Delaware Causes of Action are property of the Debtors' estates;

(d)      an order enjoining the Delaware Plaintiffs from any act to obtain possession or exercise control over such estate property by application and enforcement of the automatic stay provision of 11 U.S.C. § 362(a)(3).

(e)      that the Debtors be awarded their actual damages;

(f)      that the Debtors be awarded reasonable and necessary attorney's fees;

(g)      that the Debtors be awarded their costs of suit;

(h)      that the Delaware Plaintiffs be found in contempt of Court and sanctioned as this Court deems appropriate;

(i)      an order requiring the Delaware Plaintiffs to turn over the Delaware Causes of Action to the Debtors; and

(j)      that the Debtors are awarded such other and further relief as the Court deems just, equitable and proper.

 Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  _/s/ Marcy E. Kurtz_
          Marcy E. Kurtz
          Texas Bar No. 11768600
          Marcy.Kurtz@bgllp.com
          William A. (Trey) Wood III
          Texas Bar No. 21916050
          Trey.Wood@bgllp.com

Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:     (713) 223-2300
Facsimile:     (713) 221-1212

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## VERIFICATION

STATE OF TEXAS            §
                                     §

COUNTY OF HARRIS      §

     Before me, the undersigned authority, on this day personally appeared John Bittner, who, after being duly sworn, stated upon his oath that he is fully competent to make this affidavit, that he has read Debtors' Original Complaint and Application for Temporary Restraining Order and Preliminary Injunction, and that each and every factual statement contained therein is true and correct within his personal knowledge.

                               John Bittner, Chief Restructuring Officer
                               Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated

SUBSCRIBED AND SWORN TO before me, on this _19th_ day of _January_ 2006. _2010_

                               Notary In and For
                               The State of _TEXAS_
                               My Commission Expires: _Nov. 30, 2012_

```
C. D. KINCAID
Notary Public, State of Texas
My Commission Expires
November 30, 2012
```