# EXHIBIT F



# JASPAN SCHLESINGER
—— Attorneys at Law —— LLP

Since 1946

Laurie S. Polleck
Partner
302.351.8005

300 GARDEN CITY PLAZA • GARDEN CITY, NEW YORK 11530
TELEPHONE 516.746.8000 • FAX 516.393.8282
www.jaspanllp.com

**DELAWARE OFFICE**
913 North Market Street
Wilmington, DE 19801
Telephone 302.351.8000
Fax 302.351.8010

December 8, 2009

Vice Chancellor Leo E. Strine, Jr.
Court of Chancery
New Castle County Courthouse
500 North King Street, Suite 11400
Wilmington, Delaware 19801

Re: FLI Deep Marine LLC et al., v. Paul McKim, et al., Delaware
Chancery Court, Civil Action No. 5020-VCS; and Deepwork, Inc. v.
Paul McKim, et al., Delaware Chancery Court, Civil Action No. 5032-VCS

Your Honor:

We represent Plaintiffs FLI Deep Marine LLC, Bressner Partners Ltd, Logan Langberg and Harley Langberg in the above-referenced action. We write in response to the Suggestion of Bankruptcy filed by Defendants Deep Marine Holdings, Inc. and Deep Marine Technology Inc. (together "DMT") late Friday, December 4, 2009. According to that filing, DMT voluntarily filed under Chapter 11 in the Bankruptcy Court for the Southern District of Texas, despite having made representations to this Court only one month ago at the November 2, 2009 Status Conference that Plaintiffs' application for a temporary restraining order to protect DMT's remaining assets was "pure speculation."

Under Section 362 of the United States Bankruptcy Code, this action is stayed as to DMT but is not stayed as to any of the other Defendants and should proceed forthwith. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1205 (3rd Cir. 1991) ("the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor"); Centrust Services, Inc. v. Guterman, 160 A.D.2d 416, 418, 554 N.Y.S.2d 113, 114 (1st Dept. 1990) ("Appellate Courts in this State have repeatedly held that a bankruptcy stay does not prevent a plaintiff from proceeding on causes of action against nonbankrupt defendants, which do not involve the bankrupt's property"); Williford v. Armstrong World Industries, Inc., 715 F.2d 124 (4th Cir. 1983); Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1196-97 (6th Cir.1983) ("[i]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the ... debtor").

Consistent with their pattern, the other Defendants, the controlling shareholders and officers and directors of DMT, have cleverly placed yet another obstacle in the path of Plaintiffs' recovery of their investment – worth approximately $5 million dollars when they first asked DMT's Board about wrongdoing at DMT in October 2008 and filed their derivative suit. As the Court will recall, in response to Plaintiffs' derivative suit, which Vice Chancellor Noble dismissed without

Jsllp mo ltrhd

**JASPAN SCHLESINGER LLP**            **Page 2**
  attorneys at law

prejudice, Defendants organized a Delaware short-form merger to deprive Plaintiffs of their standing. Now, Plaintiffs' Appraisal action is stayed. Plaintiffs must be allowed to pursue their remedies against the real actors here, the controlling shareholders and officers and directors without further impediments. As is set forth above, Federal Bankruptcy law is clear that although the case is stayed against DMT, the automatic stay has no effect on any other Defendant in this action.

      We are authorized by counsel for Plaintiff Deepwork, Inc., in the related case, to state that Deepwork, Inc. takes the same position as that set forth in this letter.

                                                Respectfully submitted,

                                                /s/ Laurie Schenker Polleck
                                                Laurie Schenker Polleck (DE #4300)

Katherine B. Harrison
Admitted pro hac vice

Cc: All counsel
    (Via email)


cc: files