**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. et al. | § | Case No. 09-39313 |
| | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

---

DEEP MARINE HOLDINGS, INC., and DEEP MARINE TECHNOLOGY INCORPORATED

Plaintiffs,

v.

Adversary No. __________

FLI DEEP MARINE LLC, BRESSNER PARTNERS, LTD., LOGAN LANGBERG, HARLEY LANGBERG, and DEEPWORK, INC.

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

**Dated: January 21, 2010**

**PADUANO & WEINTRAUB LLP**
**1251 Avenue of the Americas**
**Ninth Floor**
**New York, New York 10020**
**(212) 785-9100**

**Attorneys for Defendants**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

FACTUAL BACKGROUND ........ 3

1. Debtor Is Not Entitled to an Injunction ........ 3

2. Defendants'/ Delaware Plaintiffs' Claims Are Direct, Not Derivative ........ 4

3. Even If the Claims Are Determined to Be Derivative, Defendants/Delaware Plaintiffs Should Be Permitted to Prosecute the Claims ........ 5

Conclusion ........ 7

# TABLE OF AUTHORITIES

## Cases

Chavers v. Morrow,
2009 WL 4609841, 2 (5th Cir. 2009) .......... 3

In re Crivello,
134 F.3d 831 (7th Cir. 1998) .......... 6

In re M.J.H. Leasing, Inc.,
328 B.R. 363 (Bankr. D. Mass. 2005) .......... 2

Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,
335 F.3d 357 (5th Cir.2003) .......... 3

Ridgely v. Fed. Emergency Mgmt. Agency,
512 F.3d 727 (5th Cir. 2008) .......... 3

## Statutes

11 U.S.C. § 327(a) .......... 6

Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg and Harley Langberg ("Defendants/Delaware Plaintiffs") respectfully submit this memorandum of law in opposition to Plaintiffs' Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated (the "Debtors") application for a temporary restraining order, preliminary injunction and permanent injunction. Defendants/Delaware Plaintiffs rely on the Affidavit of Anthony Paduano, Esq., sworn to on January 21, 2009 and submitted herewith (the "Paduano Aff.").

## PRELIMINARY STATEMENT

Defendants/Delaware Plaintiffs were minority shareholders of the Debtors. In the time they were involved with the Debtors, Defendants/Delaware Plaintiffs saw their entire investment wiped out even as insiders were cashing out at huge valuations, directly as a result of the actions of the current and former officers and directors of the Debtors. Money was funneled to a former United States Senator by the controlling shareholder of the Debtors, and the other controlling shareholder was enriched by selling faulty equipment to the Debtors at hugely inflated prices. Defendants/Delaware Plaintiffs are in the process of holding the individuals liable for their wrongdoing, most notably their breaches of their fiduciary duties, but their efforts have been impeded by procedural moves that the Vice Chancellor of the Delaware Chancery Court has called "slick." The latest such "slick" move by the Debtors and those who control them is to seek the protection of the bankruptcy court for not just the Debtors, but also those non-bankrupt individuals that have been pulling the strings at the Debtors.

The benefits of a bankruptcy stay may only be enjoyed by those individuals or entities submitting to the oversight of the bankruptcy court. In re M.J.H. Leasing, Inc., 328 B.R. 363, 366 (Bankr. D. Mass. 2005) ("[T]o enjoy the benefits of bankruptcy a recipient needs to suffer the burdens."). The Debtors are entitled to that benefit, but the other defendants in the case currently pending in Delaware Chancery Court (the "Delaware Individual Defendants") – including not only the Debtors' current and former officers and directors but also their outside and controlling investors – are not. This Court should therefore deny the injunction sought by the Debtors and allow the Defendants/Delaware Plaintiffs to pursue their claims against the Delaware Individual Defendants in the Delaware Chancery Court. Alternatively, if the Court determines that any of the claims are indeed derivative claims that are property of the Debtors, the Court should allow the Defendants/Delaware Plaintiffs to pursue those claims on behalf of all of the Debtors' creditors.

The fact is that the Delaware courts have been involved in this dispute since October 2008. To now stay the Delaware court from finding the truth is unfair to the Defendants/Delaware Plaintiffs and unfair to the Delaware courts. The only parties that would benefit from a stay issued by this Court would be the non-Debtor defendants in the Delaware action, the very individuals and entities whose wrongdoing precipitated this dispute. Such an outcome would be patently unfair.

## FACTUAL BACKGROUND

The facts and procedural history are contained in the Paduano Aff. and are not repeated herein.

### 1. Debtor Is Not Entitled to an Injunction

A preliminary injunction

> is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.

Chavers v. Morrow, 2009 WL 4609841, 2 (5th Cir. 2009); Ridgely v. Fed. Emergency Mgmt. Agency, 512 F.3d 727, 734 (5th Cir. 2008) (citing Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 335 F.3d 357, 363 (5th Cir.2003)). Plaintiffs have not met their burden of showing that they have a substantial likelihood of success, nor that the threatened injury to Plaintiffs outweighs any harm to Defendants/Delaware Plaintiffs if the injunction is not granted.

Plaintiffs have acknowledged that "a bona fide dispute exists as to the ownership of the Delaware Causes of Action." (Complaint ¶ 12). On the basis of the facts presented by Plaintiffs, it is not at all clear that Plaintiffs are likely to prevail on the merits of their claim that the Delaware Causes of Action belong to them. Defendants/Delaware Plaintiffs have made claims for breaches of fiduciary duties owed directly to Defendants/Delaware Plaintiffs and for misrepresentations

made to the Defendants/ Delaware Plaintiffs. These claims are certainly not property of the Debtors.

Furthermore, the threatened harm to the Debtors if the injunction is not granted is much less than the harm to the Defendants/ Delaware Plaintiffs if the injunction is granted. The only potential harm to the Debtors if the injunction is not granted is that any claims that are categorized as derivative claims would be pursued by Defendants/Delaware Plaintiffs until such time as the Court determines that these claims are indeed property of the Debtors, at which point the Debtors could take over the prosecution of the claims that the Defendants/Delaware Plaintiffs had been pursuing on their behalf. But the Debtors have shown no inclination to take up a derivative case. In fact, if any claims are indeed determined to be derivative claims, the Defendants/Delaware Plaintiffs should be permitted to prosecute such claims, for the benefit of the entire creditor class. On the other hand, if the injunction is granted, the Court will be facilitating the further delaying tactics on the part of the Debtors and Delaware Individual Defendants, allowing them further attempts to escape liability for their acts.

2. **Defendants'/ Delaware Plaintiffs' Claims Are Direct, Not Derivative**

It is undoubtedly true that at least some of the claims asserted by Defendants/Delaware Plaintiffs are direct claims against the Delaware Individual Defendants, not derivative claims owned by the Debtors. In fact, even the Debtors do not assert that all the claims are derivative, as evidenced by the statement that "the Debtors believe that *some or all* of the Delaware Causes of Action *may be*

properly categorized as derivative claims" (emphasis added) and are therefore property of the bankruptcy estate. (Complaint ¶ 12)

Under Delaware law, corporate directors and officers and controlling shareholders have long been held to stand in a fiduciary relation to not just the corporation, but also its shareholders. Furthermore, under Delaware law, a controlling shareholder owes a fiduciary duty to the non-controlling shareholders. Several of the causes of action asserted by Defendants/Delaware Plaintiffs are for breaches of fiduciary duty by the Delaware Individual Defendants, duties that are owed to the Defendants/Delaware Plaintiffs, not to the Debtors. In addition, Defendants/Delaware Plaintiffs have asserted causes of action for misrepresentations and omissions in the face of a duty to disclose on the part of the Delaware Individual Defendants. Those causes of action are also undoubtedly property of the Defendants/Delaware Plaintiffs, not the Debtors.

**3. Even If the Claims Are Determined to Be Derivative, Defendants/Delaware Plaintiffs Should Be Permitted to Prosecute the Claims**

The Debtors have shown no inclination to prosecute any derivative claims. In fact, the Debtors in league with the Delaware Individual Defendants refused once already to pursue any derivative claims, and have refused to provide the Defendants/Delaware Plaintiffs with a copy of the report prepared by their "Special Committee," even after a Delaware Chancery Court judge ordered them to do so. If the Court determines that any of the claims asserted by the Defendants/Delaware Plaintiffs are indeed derivative claims, and if the Debtors

persist in their refusal to pursue any such claims, the Defendants/Delaware Plaintiffs should be permitted to pursue the claims for the benefit of all of the Debtors' creditors. It just does not make any sense that the same individuals that are responsible for destroying the value of the Debtors, and for breaching their duties to their shareholders, should be left in charge of the decision of whether and how to pursue any derivative claims asserted against those very individuals.

When a bankruptcy court employs professionals to assist in a bankruptcy case, those professionals are required to be disinterested. Section 327(a) of the Bankruptcy Code provides that

> [e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). See also In re Crivello, 134 F.3d 831 (7th Cir. 1998). There should not be any lower standard for the individuals tasked with bringing the Debtors out of bankruptcy or pursuing claims on behalf of the Debtors. It just does not make any sense to leave these same individuals who have been accused of serious wrongdoing to decide whether to pursue claims for the very acts in which they were involved.[1]

[1] Instead, if the Court determines that some or all of the claims are derivative claims that are property of the Debtors, the Court should exercise its powers of equity and appoint Defendants/Delaware Plaintiffs as special counsel to prosecute the derivative claims, with the understanding that the Defendants/Delaware Plaintiffs would hold any recovery for the benefit of all legitimate creditors with whom Defendants/Delaware Plaintiffs would share any recovery pro rata.

## Conclusion

For the foregoing reasons, Defendants/Delaware Plaintiffs respectfully request that the Court deny the Debtors application for a temporary restraining order, preliminary injunction and permanent injunction.

Dated: January 21, 2010

Respectfully submitted,

PADUANO & WEINTRAUB LLP

By: ______________________
Anthony Paduano

1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
ap@pwlawyers.com

Counsel for Defendants/Delaware Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2010, a copy of the foregoing Memorandum of Law was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail.

Jason Snyder