

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/21/2010

| | | |
|---|---|---|
| IN RE: | § | |
| **DEEP MARINE HOLDINGS, INC.**, *et al*, | § | Case No. 09-39313 |
| Debtor(s). | § | |
| | § | Chapter 11 |
| | § | |
| **DEEP MARINE HOLDINGS, INC.**, *et al*, | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 10-3026 |
| | § | |
| **FLI DEEP MARINE LLC**, *et al*, | § | |
| Defendant(s). | § | Judge Isgur |

## TEMPORARY RESTRAINING ORDER

Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, it is ordered that the Defendants, and all persons working in active concert with them, are restrained from prosecuting (i) Case No. 5020-VCS pending in the Court of Chancery of the State of Delaware; (ii) Case No. 5032-VCS pending in the Court of Chancery of the State of Delaware; and (iii) any other lawsuit arising out of the facts and circumstances described in either of the two foregoing lawsuits; provided, this Temporary Restraining Order does not preclude the Defendants from filing any lawsuit that is submitted to and approved for filing by this Court.

In issuing this temporary restraining order, the Court has considered the following factors: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of irreparable harm if the injunction is not granted; (iii) that the threatened injury to the movant outweighs any harm to the nonmovant that may result from the injunction; and (iv) that the injunction will not undermine the public interest. *Speaks v. Kruse,* 445 F.3d 396, 399-400 (5th Cir. 2006).

The principal issue in this case is whether the claims brought by the Defendants are claims that are arguably property of the estate. Under Fifth Circuit bankruptcy law, it would violate the automatic stay for a person to exercise control over property that is "arguably" property of the estate. *Brown v. Chesnut,* 422 F.3d 298 (5th Cir. 2006). Causes of action that seek recoveries under Delaware law that are measured by the extent of the injury to the estate are property of the estate. *In re Dexterity Surgical, Inc.,* 365 B.R. 690 (Bankr. S.D. Tex 2007).

In deciding whether a claim belongs to the estate, this Court must look "at the body of the complaint and consider[er] the nature of the wrong alleged and the relief requested, [to determine whether] the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation[.]" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A. 2d 1031, 1033 (Del. 2004).

This Court has reviewed the complaints that were filed by the Defendants and determined that each cause of action asserted by the Defendants is either (i) a direct claim against the Debtors, which direct claim the Defendants stipulate is precluded by the automatic stay; (ii) a claim that is patently owned by the estate for the recovery of alleged wrongdoing against the estate; or (iii) a claim that is arguably owned by the estate for the recovery of alleged wrongdoing against the estate.

The Complaint's opening statement sets the tone: "This action is filed by the victims of a conspiracy to loot Deep Marine Holdings, Inc..." The complaint proceeds to describe the alleged corporate looting and the injuries that resulted from the alleged looting of the corporate entities.

Causes of action 1 and 10 are claims against the Debtors and are admittedly stayed. The balance of the causes of action incorporate all of the looting allegations and seek damages arising under different theories. Some are obvious estate causes of action. For example, cause of action 3 seeks damages for breach of fiduciary duties from self dealing that resulted in the dissipation of corporate assets. Others, such as cause of action 7 are more ambiguous. Cause of action 7 incorporates all of the corporate looting allegations and seeks damages from the active concealment of material facts. The Court cannot discern whether the corporations were injured by the concealment or whether the concealment resulted in a direct injury to the shareholders. Nevertheless, as plead, there is no question that the cause of action is "arguably" estate property.

The Defendants argue that their true and direct cause of action arises from the alleged theft of their shares. That, of course, is largely cause of action 1—the cause of action seeking appraisal rights for the alleged corporate squeeze out. Although that cause of action is owned by the Defendants, the claim is stayed because it is solely against DMT, one of the Debtors in this bankruptcy case.

This Court conducted a hearing on the application for a temporary restraining order on January 21, 2010. The Defendants appeared through counsel at the hearing.

1. With respect to the probability of success on the merits, there is a reasonable probability of success on the merits. Based on the allegations in the supporting affidavit, and this Court's review of the complaints, it appears that continued prosecution of the complaints—as filed—would be an illegal exercise of control over property of the estate. See 11 U.S.C. § 362(a)(3). The test established by the Fifth Circuit is not a certainty of success; rather the test is a "reasonable probability." Under the circumstances, the Court finds a reasonable probability of success.

2. With respect to immediate, irreparable injury, the Court finds that the violation of the automatic stay constitutes irreparable injury. *In re Transcon Lines,* 147 B.R. 770, 775 (Bankr. C.D. Cal. 1992). Moreover, actions taken in violation of the automatic stay are voidable. Under the circumstances of this case, the continued prosecution of a lawsuit—the results of which are voidable—constitutes irreparable injury. The Debtor sustained the alleged injuries. The Court need not speculate about the effect on the Debtors if the Defendants proceed with their Delaware lawsuits, lose their claims, and the Defendants allege that the Debtors were virtually represented in the lawsuit.

3. With respect to the comparative injuries to the Plaintiff and the Defendant, the Court finds that the prospective injury to the Plaintiff (i.e., the lack of control of the Debtor's assets in violation of the automatic stay) outweighs the prospective injury to the Defendants (i.e., the loss of the immediate prosecution of the lawsuit with no apparent injury from any delay).

4. With respect to the public interest, the Court finds that the public interest is not undermined by this order.

5. In accordance with Bankruptcy Rule 7065, the bond is waived.

6. This temporary restraining order shall expire at 5:00 p.m. on February 8, 2010. Although this date exceeds the 14 day period provided by the Federal Rules of Bankruptcy Procedure, the Defendants have stipulated to the extension for the purposes of allowing the preliminary injunction hearing to occur.

7. A preliminary injunction hearing will be held at 10:30 a.m. on February 8, 2010.

8. The Court will consider motions to amend or vacate this order on an emergency basis.

This order shall take effect on entry.

Signed at Houston, Texas on January 21, 2010 at 5:25 p.m.

SIGNED **January 21, 2010.**

                                    _____
                                    Marvin Isgur
                                    UNITED STATES BANKRUPTCY JUDGE