**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

| | | |
|---|---|---|
| **DEEP MARINE HOLDINGS, INC.,** | § | |
| **and DEEP MARINE TECHNOLOGY** | § | |
| **INCORPORATED** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Adversary No. 10-03026** |
| **FLI DEEP MARINE LLC, BRESSNER** | § | |
| **PARTNERS LTD., LOGAN LANGBERG** | § | |
| **HARLEY LANGBERG, AND** | § | |
| **DEEPWORK, INC.** | § | |
| | § | |
| Defendants. | § | |

**DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER RELATED TO**
**DEFENDANTS' FIRST REQUEST FOR PRODUCTION**

      Plaintiffs Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated (the "Debtors") file this Emergency Motion for Protective Order Related to Defendants' First Request for Production as follows:

## I. JURISDICTION AND VENUE

      1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 because this is a proceeding arising in or related to a case under the Bankruptcy Code.  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the chapter 11 cases this proceeding relates to are pending in this district.

## II.  BACKGROUND FACTS

2.      On January 19, 2010, the Debtors initiated this adversary proceeding by filing their Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (the "Original Complaint").

3.      On January 21, 2010, the Court held a hearing on the Debtors' application for temporary restraining order (the "TRO Hearing").  FLI Deep Marine Inc., Bressner Partners Ltd., Logan Langberg and Harley Langberg (together, "FLI") was represented by counsel at that hearing.  The Court granted the Debtors' application for temporary restraining order.  A hearing on the Debtors' application for a preliminary injunction was set for February 8, 2010.

4.      On January 22, 2010, FLI, by and through its counsel, Mr. Anthony Paduano of Paduano & Weintraub, LLP, served the Debtors with requests for production,  On January 25, 2010, FLI amended these requests for production and re-served the Debtors by email.   On January 26, 2010, at 3:10 p.m. (Central Time), FLI again amended the requests for production (this time in response to the Debtors' informal objection).  The amended requests for production are attached hereto as **Exhibit A** (the "RFPs").[1] The RFPs demand production by no later than 5:00 p.m. on January 29, 2010.

## III.  RELIEF REQUESTED

5.      The Debtors seek protection from the RFPs because the RFPs seek production outside the scope of the application for preliminary injunction and this adversary proceeding in general (which focuses on § 541 of the Bankruptcy Code).  Under Fed. R. Bankr. P. 7026(b), parties may only seek discovery that is relevant.  FED. R. BANKR. P. 7026(b)(1).  To the extent that discovery is sought which is irrelevant, Fed. R. Bankr. P. 7026(c)(1) provides that parties should be protected from "annoyance, embarrassment, oppression, or undue burden or expense."

FED. R. BANKR. P. 7026(c)(1).  The RFPs are irrelevant and the Debtors should be protected in order to avoid undue burden and expense.

## IV.  BASIS FOR RELIEF

6.     Essentially, FLI is seeking to investigate its underlying claims—the Delaware Causes of Action[2]—via the RFPs.  In fact, two of the RFPs are essentially identical to certain requests for production served by FLI in the relevant Delaware Action.  (See **Exhibit B**, which is the requests for production served by FLI in the relevant Delaware).  Such discovery has been unsuccessful in the Delaware Actions and FLI now seeks to take unfair and improper advantage of this adversary proceeding  to accomplish what it could not do elsewhere.  The Debtors should not be required to comply with expedited discovery which has no bearing on the application for preliminary injunction or this adversary proceeding in general.

**Discovery Must Relate to the Preliminary Injunction**

7.     The Court noted at the TRO Hearing that any discovery ahead of the hearing on the preliminary injunction is "going to have to be in connection with the merits of the preliminary injunction being sought….  It isn't obviously an underlying merits discovery, but there may be things that are broader than who owns the claims."  (Transcript for TRO Hearing ("Transcript"), p. 50, attached hereto as **Exhibit C**).

8.     The standard for a preliminary injunction ("PI") in the Fifth Circuit is as follows: a PI should be issued if the movant establishes (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.  *See Speaks*

---

[1] Deepwork, Inc., the plaintiff in the "copycat" Delaware Action, has not served discovery on the Debtors.

*v. Kruse*, 445 F.3d 396, 401 (5th Cir. 2006).  These are the elements that discovery should relate to.

9.      Regarding element one, the underlying adversary suit seeks to determine who owns the Delaware Causes of Action as they are currently pled.  To determine whether the Debtors have shown a substantial likelihood of success on the merits the Court must apply the Tooley Standard by asking:  Who suffered the alleged harm – the corporation or the suing stockholder individually – and who would receive the benefit of the recovery or other remedy? *Tooley v. Donaldson, Lufkin, & Jenrette, Inc., et al.*, 845 A.2d 1031 (Del. 2004) (applied by this Court in *In re Dexterity Surgical, Inc.*, 365 B.R. 695-702 (Bankr. S.D. Tex. 2007).  If the Debtors suffered the harm and would receive the benefit of a recovery, then the Delaware Causes of Action are derivative and belong to the Debtors.  These are the only relevant questions to determine success on the merits in this adversary proceeding.  The value or validity of the Delaware Causes of Action is wholly irrelevant to this proceeding and an improper focus for discovery.  Nonetheless, this is the target of all FLI's RFPs (each of which is detailed below).

10.      Regarding element two, a violation of the automatic stay is by definition an irreparable injury.  (See Transcript p. 43); *see also In re Prudential Lines, Inc.*, 107 B.R. 832, 835 (Bankr. S.D.N.Y. 1989) ("Where an act would violate the automatic stay, irreparable harm is established by the violation….").  The Debtors cannot fathom discovery related to this settled point of law.

11.      Regarding element three, the Court found at the TRO Hearing that it is "absolutely … the case" that the threatened injury to the Debtors outweighs any harm to the Delaware Plaintiffs.  (See Transcript p. 44).  The Debtors can imagine discovery related to this

---

[2] Capitalized terms used but not defined herein are assigned the meaning given to them in the Debtors Original Complaint.

element, and have agreed to produce John Bittner in his role as Chief Restructuring Officer of the Debtors for a deposition related to this element (which is all that Mr. Bittner has personal knowledge relating to in this adversary).   Regardless, none of the RFPs are related to this element.

12.     Regarding element four, the Court found at the TRO Hearing that the temporary restraining order did not disserve the public interest.  The Debtors can imagine discovery related to this element, however, none of the RFPs are related to this element.

13.     Given that the Delaware Plaintiffs have not sought permission to amend their complaints in the Delaware Actions, the analysis regarding element one above must focus on *ownership* of the Delaware Causes of Action as currently pled, which means a focus on *who was harmed* under the Delaware Causes of Action as currently pled.  However, none of the RFPs appear to relate to this, and therefore the Debtors should be protected from having to respond to the RFPs.

**The Specific Discovery Requests Seek Information Solely Related to the Underlying Delaware Causes of Action**

14.     RFP One seeks "All documents that were forwarded to or prepared by each of the Individual Delaware Defendants … and that are now in the Debtors' possession concerning the merger of Deep Marine Holdings, Inc. … with and into NKOC, Inc…"[3]  *See* Exhibit A.  This request is wholly irrelevant to the preliminary injunction.  To the extent that FLI seeks documents to show that its stock was not properly valued in relation to the merger, such discovery is inappropriate as it relates to the Delaware cause of action for appraisal, which is stayed.  To the extent that FLI seeks documents showing wrongdoing by the Debtors' relevant officers, directors and shareholders related to the merger, such that FLI's stock was diluted, then

it is the Debtors who suffered the primary harm insofar as it was the Debtors who allegedly overpaid for assets to allow inflated debt that was then converted to equity and precipitated a stock dilution.  The Debtors do not understand the relevance of RFP One to the application for preliminary injunction.

15.    RFP Two seeks "All documents concerning DMT shares sold by or for any Individual Delaware Defendants … including but not limited to documents concerning (a) the negotiation of the purchase price for such shares and (b) the consideration actually paid for such shares."  *See* Exhibit A.  The Debtors can only posit that, like RFP One above, this RFP seeks substantive evidence related to the Delaware Causes of Action for appraisal, breach of fiduciary duty, unjust enrichment, etc.  Thus, like RFP One above, this RFP either seeks discovery for a cause of action that is stayed or seeks documents to support causes of action that are *not* at issue in this adversary proceeding.  Nonetheless, FLI seeks to take advantage of the discovery in this expedited setting to further its prosecution of the underlying Delaware Causes of Action.

16.    RFP Three seeks "All documents concerning the Individual Delaware Defendants' participation in the negotiation and sale of any DMT shares, including but not limited to documents concerning the purchase price of shares."  The Debtors object to this on the same grounds as provided above for RFPs One and Two.

17.    RFP Four seeks "All documents sufficient to show the exercise of any DMT stock, warrants, the conversion of DMT debt to equity, or the conversion of DMT equity to debt, in each case from 2002 to the present and concerning the shares held by any of the Individual Delaware Defendants … or claims or debts owed to or by any of the Individual Delaware

---

[3] This RFP mirrors request for production one in the relevant Delaware Action.  See Exhibit B.

Defendants."[4]  *See* Exhibit A.  The Debtors object to this on the same grounds as provided above for RFPs One and Two.

18.     RFP Five seeks "All documents upon which the Debtors will rely in making their case that the claims of the Delaware Plaintiffs exclusively against the Individual Delaware Defendants are actually property of the Debtor's estate [sic]."  *See* Exhibit A.  This RFP appears to seek all documents that the Debtors may use in prosecuting their cause of action for declaratory judgment as stated in the Debtors' Original Complaint.  The Debtors do not believe that such production is appropriate or even possible given the expedited nature of this discovery.  Per the Court's instructions, discovery at this stage is "going to have to be in connection with the merits of the preliminary injunction being sought….  It isn't obviously an underlying merits discovery …."  (Transcript p. 50).  Yet, RFP Five specifically seeks all documents related to the merits of the Debtors' § 541 declaratory judgment cause of action.  Also, the Debtors have yet to develop their entire underlying cause of action, and they are not required to do so at this time.  To the extent that the Debtors' intend to rely on documents at the hearing on the preliminary injunction, the Debtors will exchange such proposed exhibits in accordance with the rules of this Court.  To the extent that the Debtors are successful in obtaining a preliminary injunction and the Court issues a scheduling order governing the development of this adversary, including traditional non-expedited discovery related to the declaratory judgment sought, the Debtors will comply.

19.     In sum, discovery leading up to the hearing on the application for preliminary injunction is not a forum for FLI to prosecute its stayed appraisal cause of action, nor is it is a forum for FLI to investigate the other Delaware Causes of Action, which belong to the Debtors.  Any such piecemeal investigation is prohibited by the temporary restraining order because it

---

[4] This RFP mirrors to request for production twelve in the relevant Delaware Action.  See Exhibit B.

could "create such a mess … we'll [never] be able to put Humpty Dumpty back together again."

(Transcript p. 43).

WHEREFORE, premises considered, the Debtors request that the Court grant this Emergency Motion for Protective Order Related to Defendants' First Request for Production and relieve the Debtors from having to respond to the RFPs. The Debtors further request such additional relief as this Court deems just.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By:  /s/ Jason G. Cohen
      Marcy E. Kurtz
      Texas Bar No. 11768600
      Marcy.Kurtz@bgllp.com
      William A. (Trey) Wood III
      Texas Bar No. 21916050
      Trey.Wood@bgllp.com
      Jason G. Cohen
      Texas Bar No. 24050435
      Jason.Cohen@bgllp.com
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002
      Telephone:    (713) 223-2300
      Facsimile:    (713) 221-1212

PROPOSED ATTORNEYS FOR THE DEBTORS

CERTIFICATE OF CONFERENCE

The undersigned provides this Certificate of Conference pursuant to Fed. R. Bankr. P. 7026(c)(1). The Debtors have conferred in good faith with FLI's attorneys, both by phone and email on January 25, 2010, in an effort to resolve this dispute without court action. Such efforts were not successful.

By:  /s/ Jason G. Cohen
      Jason G. Cohen

## CERTIFICATE OF SERVICE

I hereby certify that the above pleading and notice of the hearing set for January 27, 2010, at

3:00 p.m. on same was served on the parties listed below by electronic mail on January 26, 2010.

Laurie Schenker Polleck
lpolleck@jshllp-de.com
JASPAN SCHLESINGER HOFFMAN LLP
913 N. Market Street
Wilmington, Delaware 19801

Rick. S. Miller
RMiller@eapdlaw.com
FERRY, JOSEPH & PEARCE, P.A.
824 North Market Street, Suite 904
Wilmington, Delaware 19801

Kurt M. Heyman
kheyman@proctorheyman.com
Patricia L. Enerio
penerio@proctorheyman.com
PROCTOR HEYMAN LLP
1116 N. West Street
Wilmington, Delaware 19801

David S. Eagle
deagle@klehr.com
Kelly A. Green
KGreen@klehr.com
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
919N. Market Street, Suite 1000
Wilmington, Delaware 19801

Anthony Paduano
ap@pwlawyers.com
Katherine B. Harrison
kh@pwlawyers.com
Jason J. Snyder
jjs@pwlawyers.com
Jordan Becker
jdb@pwlawyers.com
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, 9th Floor
New York, New York 10020

Robert P. Weinstine
RWeinstine@winthrop.com
David M. Aafedt
Joseph M. Windler
JWindler@winthrop.com
WINTHROP & WEINSTINE PA
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402

Denise Seastone Kraft
DKraft@eapdlaw.com
K. Tyler O'Connell
toconnell@eapdlaw.com
EDWARDS ANGELL PALMER & DODGE
LLP
919 North Market Street, 15th Floor
Wilmington, Delaware 19801

John J. Murphy
jmurphy@stradley.com
Kevin W. Goldstein
kgoldstein@stradley.com
STRADLEY RONON STEVENS & YOUNG
LLP
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801

Richard A. Lesser
lesser@divelaw.com
LESSER &ASSOCIATES
423 South Pacific Coast Highway
Suite 206
Redondo Beach, California 90277


Joseph C. Schoell
Joseph.Schoell@dbr.com
Todd C. Schiltz
Todd.Schiltz@dbr.com
DRINKER BIDDLE & REATH LLP
1100 North Market Street
Wilmington, Delaware 19801

K.B. Battaglini
BattagliniK@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana Street
Suite 1700
Houston, Texas 77002

Thomas J. Cortazzo
tcortazzo@bhbmlaw.com
BALDWIN HASPEL BURKE & MAYER
LLC
Energy Centre, 22nd Floor
1100 Poydras Street
New Orleans, Louisiana 70163


Geoffrey L. Harrison
gharrison@susmangodfrey.com
Sammy Ford IV
sford@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

By:   _/s/ Jason G. Cohen_____
      Jason G. Cohen