PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

January 22, 2010

**BY E-MAIL**

Marcy E. Kurtz, Esq.
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002

Re:   Deep Marine Holdings, Inc., et al. v. FLI Deep Marine LLC, et al.
      Adversary No. 10-3026

Dear Ms. Kurtz:

In light of the comments made by Judge Isgur at yesterday's hearing regarding the availability of expedited discovery in preparation for the upcoming preliminary injunction hearing, I have attached deposition notices and document requests for the discovery we intend to take.

We have assumed that your firm represents all the individuals whose depositions we have noticed, based on the fact that you had argued to extend the bankruptcy stay to all the Delaware Defendants. If that is not the case, please let us know by the end of today. Additionally, if the times in our notices do not work for any the various deponents, please let us know that by the end of the day as well. If we do not hear from you, we will assume that you indeed represent the deponents and that the times we have proposed are acceptable.

Yours sincerely,

Jason Snyder

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

## <u>DEFENDANTS' NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION</u>

PLEASE TAKE NOTICE that pursuant to Rule 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg, and Harley Langberg will take the testimony, upon oral examination, of Francis Wade Abadie, to be recorded by stenographic and/or videographic means. The deposition will be held before a Notary Public or such other officer authorized by law to administer oaths at 1445 North Loop West, Suite 325, Houston, Texas 77008, at 2:00 p.m. on

January 28, 2010.

PLEASE TAKE FURTHER NOTICE that (i) the deposition shall continue from day-to-day until concluded and (ii) all parties and counsel of record may attend and participate to the extent permitted by law.

Dated:   New York, New York
         January 22, 2010

PADUANO & WEINTRAUB LLP

BY: _Anthony Paduano Jr_

Anthony Paduano
(*pro hac vice* admission pending)

1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (Phone)
(212) 785-9099 (Fax)

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware  19801
(302) 351-8000 (Phone)
(302) 351-8010 (Fax)

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

To:   Marcy E. Kurtz, Esq.
      Jason G. Cohen
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re:<br><br>DEEP MARINE HOLDINGS, INC.<br>et al.<br><br>　　　　　　　　Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 09-39313<br><br>Jointly Administered Chapter 11 |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC.,<br>and DEEP MARINE TECHNOLOGY<br>INCORPORATED<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>FLI DEEP MARINE LLC, BRESSNER<br>PARTNERS, LTD., LOGAN<br>LANGBERG, HARLEY LANGBERG,<br>and DEEPWORK, INC.<br><br>　　　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adversary No. 10-3026 |

## <u>DEFENDANTS' NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION</u>

　　　　　　PLEASE TAKE NOTICE that pursuant to Rule 7030 of the Federal Rules

of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure,

Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg, and

Harley Langberg will take the testimony, upon oral examination, of John Bittner, Chief

Restructuring Officer of DMT, to be recorded by stenographic and/or videographic

means.   The deposition will be held before a Notary Public or such other officer

authorized by law to administer oaths at 1445 North Loop West, Suite 325, Houston,

Texas  77008 at 11:30 a.m. on January 28, 2010.

PLEASE TAKE FURTHER NOTICE that (i) the deposition shall continue from day-to-day until concluded and (ii) all parties and counsel of record may attend and participate to the extent permitted by law.

Dated:   New York, New York
         January 22, 2010

PADUANO & WEINTRAUB LLP

BY: _____
      Anthony Paduano
      (*pro hac vice* admission pending)

1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (Phone)
(212) 785-9099 (Fax)

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware  19801
(302) 351-8000 (Phone)
(302) 351-8010 (Fax)

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

To:   Marcy E. Kurtz, Esq.
      Jason G. Cohen
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re:<br><br>DEEP MARINE HOLDINGS, INC.<br>et al.<br><br>　　　　　Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 09-39313<br><br>Jointly Administered Chapter 11 |
| DEEP MARINE HOLDINGS, INC.,<br>and DEEP MARINE TECHNOLOGY<br>INCORPORATED<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>FLI DEEP MARINE LLC, BRESSNER<br>PARTNERS, LTD., LOGAN<br>LANGBERG, HARLEY LANGBERG,<br>and DEEPWORK, INC.<br><br>　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adversary No. 10-3026 |

### DEFENDANTS' NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

PLEASE TAKE NOTICE that pursuant to Rule 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg, and Harley Langberg will take the testimony, upon oral examination, of Otto Candies, III, to be recorded by stenographic and/or videographic means. The deposition will be held before a Notary Public or such other officer authorized by law to administer oaths at

1445 North Loop West, Suite 325, Houston, Texas 77008, at 11:30 a.m. on January 29, 2010.

PLEASE TAKE FURTHER NOTICE that (i) the deposition shall continue from day-to-day until concluded and (ii) all parties and counsel of record may attend and participate to the extent permitted by law.

Dated:    New York, New York
          January 22, 2010

PADUANO & WEINTRAUB LLP

BY: _____
    Anthony Paduano
    (*pro hac vice* admission pending)

1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (Phone)
(212) 785-9099 (Fax)

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 351-8000 (Phone)
(302) 351-8010 (Fax)

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

To:   Marcy E. Kurtz, Esq.
      Jason G. Cohen
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

## DEFENDANTS' NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

PLEASE TAKE NOTICE that pursuant to Rule 7030 of the Federal Rules

of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure,

Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg, and

Harley Langberg will take the testimony, upon oral examination, of Otto Candies, Jr., to

be recorded by stenographic and/or videographic means.  The deposition will be held

before a Notary Public or such other officer authorized by law to administer oaths at

1445 North Loop West, Suite 325, Houston, Texas  77008, at 9:00 a.m. on January 29, 2010.

PLEASE TAKE FURTHER NOTICE that (i) the deposition shall continue from day-to-day until concluded and (ii) all parties and counsel of record may attend and participate to the extent permitted by law.

Dated:   New York, New York
         January 22, 2010

PADUANO & WEINTRAUB LLP

BY:   _Anthony Paduano_

Anthony Paduano
(*pro hac vice* admission pending)

1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (Phone)
(212) 785-9099 (Fax)

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware  19801
(302) 351-8000 (Phone)
(302) 351-8010 (Fax)

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

To:   Marcy E. Kurtz, Esq.
      Jason G. Cohen, Esq.
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

## DEFENDANTS' NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

PLEASE TAKE NOTICE that pursuant to Rule 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg, and Harley Langberg will take the testimony, upon oral examination, of Nasser Kazeminy, to be recorded by stenographic and/or videographic means. The deposition will be held before a Notary Public or such other officer authorized by law to administer oaths at

1445 North Loop West, Suite 325, Houston, Texas  77008, at 2:00 p.m. on January 29, 2010.

PLEASE TAKE FURTHER NOTICE that (i) the deposition shall continue from day-to-day until concluded and (ii) all parties and counsel of record may attend and participate to the extent permitted by law.

Dated:   New York, New York
         January 22, 2010

PADUANO & WEINTRAUB LLP

BY:  _____
        Anthony Paduano
        (*pro hac vice* admission pending)

1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (Phone)
(212) 785-9099 (Fax)

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware  19801
(302) 351-8000 (Phone)
(302) 351-8010 (Fax)

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

To:    Marcy E. Kurtz, Esq.
       Jason G. Cohen, Esq.
       Bracewell & Giuliani LLP
       711 Louisiana, Suite 2300
       Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

## <u>DEFENDANTS' NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION</u>

PLEASE TAKE NOTICE that pursuant to Rule 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg, and Harley Langberg will take the testimony, upon oral examination, of John Hudgens, to be recorded by stenographic and/or videographic means. The deposition will be held before a Notary Public or such other officer authorized by law to administer oaths at 1445 North Loop West, Suite 325, Houston, Texas 77008, at 9:00 a.m. on January 28,

2010.

PLEASE TAKE FURTHER NOTICE that (i) the deposition shall continue from day-to-day until concluded and (ii) all parties and counsel of record may attend and participate to the extent permitted by law.

Dated:   New York, New York
         January 22, 2010

PADUANO & WEINTRAUB LLP

BY: _Anthony Paduano_
     Anthony Paduano
     (*pro hac vice* admission pending)

1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (Phone)
(212) 785-9099 (Fax)

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware  19801
(302) 351-8000 (Phone)
(302) 351-8010 (Fax)

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

To:   Marcy E. Kurtz, Esq.
      Jason G. Cohen
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS BY JOHN BITTNER

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure

and Rule 34 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine

LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg, through their

undersigned counsel, hereby request that John Bittner produce the following

documents and things for inspection and copying at the offices of Paduano &

Weintraub LLP, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, by no later than 5:00 p.m. on January 27, 2010.

## DOCUMENT REQUESTS

1.    All documents concerning the merger of Deep Marine Holdings, Inc. ("DMH" and, together with Deep Marine Technology Incorporated, "DMT") with and into NKOC, Inc. (the "Merger"), including but not limited to documents discussing any rationale for the Merger, the execution of the Merger, and Mr. Kazeminy's and Otto Candies' contribution of their respective DMT shares to NKOC.

2.    All documents or communications in which you or any other party assign or assigned a valuation to DMT or your DMT stock, including but not limited to outside appraisals, terms of any sales or proposed sales of DMT stock or DMT as a going concern, any personal loan application on which your personal net worth was disclosed, or any personal financial report prepared by you.

3.    All documents concerning DMT shares sold by or on behalf of Joseph J. Grano, Jr., or persons or entities controlled by or aligned with Mr. Grano, to any NJK Defendant or DMT, including but not limited to documents concerning (a) the negotiation of the purchase price for such shares and (b) the consideration actually paid for such shares.

4.    All documents sufficient to show the exercise of any DMT stock, warrants, the conversion of DMT debt to equity, or the conversion of DMT equity

to debt, in each case from 2002 to the present.

     5.    All documents concerning the DMT Special Committee, including but not limited to (a) all documents concerning the formation of the Special Committee, including without limitation any deliberations or discussions regarding potential candidates for the Special Committee, (b) any curriculum vitae for Messrs. Gilman and Lenig, (c) documents sufficient to show any actual or expected financial interest, employment, consulting or other relationship with Messrs. Gilman and/or Lenig (or their family members) and DMT, the NJK Defendants and/or Otto Candies, (d) documents sufficient to show the extent of any participation of Messrs. Gilman and/or Lenig in any of the transactions referenced in the Shareholder Demand Letter, (e) communications to or from the DMT Special Committee, (f) any report or written conclusions of the Special Committee summarizing its investigation into the allegations made in the Shareholder Demand Letter, (g) notes from any interviews conducted by the Special Committee, and (h) all documents produced to the Special Committee.

     6.    All documents concerning any objects of value given to former Senator Norman Coleman, Jr., his wife Laurie Coleman or members of the Coleman family, including but not limited to documents relating to (a) cash gifts, trips, clothing, transportation and vacations, (b) contributions to Mr. Coleman's political campaign accounts or to NorthStar PAC, including any efforts to solicit such contributions from third parties, and (c) any investigation by any law enforcement or government agency in connection with the foregoing.

7.     All documents concerning any investigation by the FBI or any other Federal, state, or local law enforcement of other government agency of any NJK Defendant, Otto Candies, Mr. Coleman, DMT, or the three $25,000 payments made to Hays by DMT, including but not limited to (a) all documents produced to the FBI or such other government agency, (b) all correspondence with the FBI or such other government agency, (c) subpoenas from any government authority, and (d) responses to such subpoenas.

8.     All documents concerning DMT's purchase, lease or rental of vessels, cranes and/or other equipment from Otto Candies including, but not limited to, (a) documents sufficient to show any approval of such purchase, lease or rental by DMT, Mr. Kazeminy, or DMT's Board of Directors, (b) documents and communications regarding any negotiation, appraisal, or other method to determine the purchase price of such vessels or equipment, (c) documents concerning problems with such vessels or equipment, (d) documents relating to delivery of defective or damaged equipment and vessels, and (e) consideration paid for such vessels or equipment, whether paid in currency, stock or convertible notes.

9.     A list of current shareholders of DMT and a list of DMT shareholders immediately preceding the consummation of the Merger.

10.     All periodic financial statements (whether audited or unaudited), ledgers, invoices, Vendor Trial Balance computer runs, Aged AP computer runs, projections, annual operating plans and business plans for DMT from 2002 to the present.

11.    All documents relating to the termination of the employment of (a) Paul McKim and (b) B.J. Thomas.

12.    All documents concerning any statements to the press including, but not limited to, documents given to the press, concerning any of the claims asserted against you by Defendants in the Delaware Action.

13.    All documents concerning management or governance of DMT including, but not limited to, (a) corporate by-laws and incorporation documents, (b) corporate minutes, resolutions and all other documents concerning meetings of and actions by the DMT Board of Directors, (c) documents concerning the election of directors to the DMT Board of Directors, and the resignation or termination of DMT directors, (d) documents sufficient to show the members of the DMT board of directors from 2003 to the date of the Merger, (e) notices to DMT shareholders, (f) actions taken by written consent of DMT shareholders, and (g) organizational charts of DMT.

## DEFINITIONS

1.      The term "all" includes the word "any" and the word "any" includes the word "all."  The terms "all" and "each" shall be construed as each and all.

2.      The term "concerning" means directly or indirectly, relating to, referring to, reflecting, describing, alluding to, evidencing, memorializing or summarizing.

3.      The terms "communication" or "communications" shall refer to, without limitation, any document, statement or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

4.      The term "document" as used herein is employed in the broadest sense under Court of Chancery Rule 34 to include any medium, including electronic, digital, email and hard copy upon which information is recorded or preserved, by whomever generated or received, and means, without limitation, any written, printed, typed, Photostatted, photographed, e-mailed, recorded, taped or otherwise reproduced communications, compilations or reproductions including computer generated or stored information or data, whether asserted privileged or not and including all copies or drafts of any document which differs (by annotation

6

or otherwise) in any respect from the original.

      5.    The term "including" shall be construed to mean "including without any limitation."

      6.    The term "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of any type.

      7.    The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

      8.    "NJK Defendants" means Nasser Kazeminy, NJK Holdings Corporation, DCC Ventures, LLC, NKOC, Inc., his and their corporate parents, affiliates, and subsidiaries, and his and their directors, officers, employees, agents, and all those acting on his or their behalf or direction.

      9.    "DMT" means Deep Marine Holdings, Inc. and Deep Marine Technology, Inc., their corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on their behalf or direction.

      10.    "Otto Candies" means Otto Candies, LLC, Otto Candies, Jr., Otto Candies, III, their corporate parents, affiliates, and subsidiaries, and their

directors, officers, employees, agents, and all those acting on their behalf or direction.

      11.    "Hays" means Hays Companies, its corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on its/their behalf or direction.

      12.    "The Shareholder Demand Letter" means the letter dated October 10, 2008 from Anthony Paduano, Esq. on behalf of minority shareholders to the Board of Directors of DMT.

      13.    "Merger" means the merger on July 1, 2009 of NKOC with and into Deep Marine Holdings.

      14.    "NorthStar" means NorthStar Leadership PAC, a political action committee affiliated with former Senator Norm Coleman.

      15.    "Delaware Action" means Delaware Chancery Court Case No. 5020-VCS, entitled FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, and Harley Langberg v. Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., Otto Candies, LLC, Deep Marine Holdings, Inc. and Deep Marine Technology, Inc.

      16.    Unless otherwise noted, the time period for these requests is January 2002 to the present.

## INSTRUCTIONS

A.     Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control, as well as those in the possession, custody or control of your agents, attorneys, accountants, and any other person acting on your behalf or subject to your control.  If a request is objected to on the grounds that the documents are not in your possession, custody or control, identify the party who has such possession, custody or control.

B.     Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

C.     If no documents responsive to a particular request exist, so state.

D.     As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence, and the person responsible for the document's disposition.  Any document relating to such destruction shall also be produced.

E.     For each document that you withhold on the basis of privilege, state:

(a) the type of document (i.e., letter, e-mail, memo, report, etc.);

(b)  information  sufficient  to  enable  identification  of  the

9

document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

(c) the existence of any attachments, addenda or appendices;

(d) the location of the document; and

(e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

F.    These document requests shall be deemed continuing in character so as to require prompt supplemental responses if additional documents called for herein are obtained or discovered between the time of responding to these requests and the final disposition of this action.

Dated:  January 22, 2010

PADUANO & WEINTRAUB LLP

_Anthony Paduano / AP_
Anthony Paduano
(*pro hac vice* admission pending)
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
Tel:  212-785-9100
Fax: 212-785-9099

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: 302-351-8000
Fax: 302-351-8010

Counsel for FLI DEEP MARINE LLC,
BRESSNER PARTNERS LTD, LOGAN
LANGBERG and HARLEY LANGBERG

To:   Marcy E. Kurtz, Esq.
       Jason G. Cohen
       Bracewell & Giuliani LLP
       711 Louisiana, Suite 2300
       Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. et al. | § | Case No. 09-39313 |
| | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., and DEEP MARINE TECHNOLOGY INCORPORATED | § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER PARTNERS, LTD., LOGAN LANGBERG, HARLEY LANGBERG, and DEEPWORK, INC. | § § § § | |
| | § | |
| Defendants. | | |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS BY FRANCIS WADE ABADIE**

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg, through their undersigned counsel, hereby request that Francis Wade Abadie produce the

following documents and things for inspection and copying at the offices of Paduano & Weintraub LLP, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, by no later than 5:00 p.m. on January 27, 2010.

## DOCUMENT REQUESTS

1.      All documents concerning the merger of Deep Marine Holdings, Inc. ("DMH" and, together with Deep Marine Technology Incorporated, "DMT") with and into NKOC, Inc. (the "Merger"), including but not limited to documents discussing any rationale for the Merger, the execution of the Merger, and Mr. Kazeminy's and Otto Candies' contribution of their respective DMT shares to NKOC.

2.      All documents or communications in which you or any other party assign or assigned a valuation to DMT or your DMT stock, including but not limited to outside appraisals, terms of any sales or proposed sales of DMT stock or DMT as a going concern, any personal loan application on which your personal net worth was disclosed, or any personal financial report prepared by you.

3.      All documents concerning DMT shares sold by or on behalf of Joseph J. Grano, Jr., or persons or entities controlled by or aligned with Mr. Grano, to any NJK Defendant or DMT, including but not limited to documents concerning (a) the negotiation of the purchase price for such shares and (b) the consideration actually paid for such shares.

4.      All documents sufficient to show the exercise of any DMT stock,

2

warrants, the conversion of DMT debt to equity, or the conversion of DMT equity to debt, in each case from 2002 to the present.

5.     All documents concerning the DMT Special Committee, including but not limited to (a) all documents concerning the formation of the Special Committee, including without limitation any deliberations or discussions regarding potential candidates for the Special Committee, (b) any curriculum vitae for Messrs. Gilman and Lenig, (c) documents sufficient to show any actual or expected financial interest, employment, consulting or other relationship with Messrs. Gilman and/or Lenig (or their family members) and DMT, the NJK Defendants and/or Otto Candies, (d) documents sufficient to show the extent of any participation of Messrs. Gilman and/or Lenig in any of the transactions referenced in the Shareholder Demand Letter, (e) communications to or from the DMT Special Committee, (f) any report or written conclusions of the Special Committee summarizing its investigation into the allegations made in the Shareholder Demand Letter, (g) notes from any interviews conducted by the Special Committee, and (h) all documents produced to the Special Committee.

6.     All documents concerning any objects of value given to former Senator Norman Coleman, Jr., his wife Laurie Coleman or members of the Coleman family, including but not limited to documents relating to (a) cash gifts, trips, clothing, transportation and vacations, (b) contributions to Mr. Coleman's political campaign accounts or to NorthStar PAC, including any efforts to solicit such contributions from third parties, and (c) any investigation by any law enforcement

or government agency in connection with the foregoing.

7.     All documents concerning any investigation by the FBI or any other Federal, state, or local law enforcement of other government agency of any NJK Defendant, Otto Candies, Mr. Coleman, DMT, or the three $25,000 payments made to Hays by DMT, including but not limited to (a) all documents produced to the FBI or such other government agency, (b) all correspondence with the FBI or such other government agency, (c) subpoenas from any government authority, and (d) responses to such subpoenas.

8.     All documents concerning DMT's purchase, lease or rental of vessels, cranes and/or other equipment from Otto Candies including, but not limited to, (a) documents sufficient to show any approval of such purchase, lease or rental by DMT, Mr. Kazeminy, or DMT's Board of Directors, (b) documents and communications regarding any negotiation, appraisal, or other method to determine the purchase price of such vessels or equipment, (c) documents concerning problems with such vessels or equipment, (d) documents relating to delivery of defective or damaged equipment and vessels, and (e) consideration paid for such vessels or equipment, whether paid in currency, stock or convertible notes.

9.     A list of current shareholders of DMT and a list of DMT shareholders immediately preceding the consummation of the Merger.

10.     All periodic financial statements (whether audited or unaudited), ledgers, invoices, Vendor Trial Balance computer runs, Aged AP computer runs, projections, annual operating plans and business plans for DMT from 2002 to the

present.

11.    All documents relating to the termination of the employment of (a) Paul McKim and (b) B.J. Thomas.

12.    All documents concerning any statements to the press including, but not limited to, documents given to the press, concerning any of the claims asserted against you by Defendants in the Delaware Action.

13.    All documents concerning management or governance of DMT including, but not limited to, (a) corporate by-laws and incorporation documents, (b) corporate minutes, resolutions and all other documents concerning meetings of and actions by the DMT Board of Directors, (c) documents concerning the election of directors to the DMT Board of Directors, and the resignation or termination of DMT directors, (d) documents sufficient to show the members of the DMT board of directors from 2003 to the date of the Merger, (e) notices to DMT shareholders, (f) actions taken by written consent of DMT shareholders, and (g) organizational charts of DMT.

DEFINITIONS

1.      The term "all" includes the word "any" and the word "any" includes the word "all."  The terms "all" and "each" shall be construed as each and all.

2.      The term "concerning" means directly or indirectly, relating to, referring to, reflecting, describing, alluding to, evidencing, memorializing or summarizing.

3.      The terms "communication" or "communications" shall refer to, without limitation, any document, statement or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

4.      The term "document" as used herein is employed in the broadest sense under Court of Chancery Rule 34 to include any medium, including electronic, digital, email and hard copy upon which information is recorded or preserved, by whomever generated or received, and means, without limitation, any written, printed, typed, Photostatted, photographed, e-mailed, recorded, taped or otherwise reproduced communications, compilations or reproductions including computer generated or stored information or data, whether asserted privileged or not and including all copies or drafts of any document which differs (by annotation

or otherwise) in any respect from the original.

5.    The term "including" shall be construed to mean "including without any limitation."

6.    The term "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of any type.

7.    The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

8.    "NJK Defendants" means Nasser Kazeminy, NJK Holdings Corporation, DCC Ventures, LLC, NKOC, Inc., his and their corporate parents, affiliates, and subsidiaries, and his and their directors, officers, employees, agents, and all those acting on his or their behalf or direction.

9.    "DMT" means Deep Marine Holdings, Inc. and Deep Marine Technology, Inc., their corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on their behalf or direction.

10.    "Otto Candies" means Otto Candies, LLC, Otto Candies, Jr., Otto Candies, III, their corporate parents, affiliates, and subsidiaries, and their

directors, officers, employees, agents, and all those acting on their behalf or direction.

11. "Hays" means Hays Companies, its corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on its/their behalf or direction.

12. "The Shareholder Demand Letter" means the letter dated October 10, 2008 from Anthony Paduano, Esq. on behalf of minority shareholders to the Board of Directors of DMT.

13. "Merger" means the merger on July 1, 2009 of NKOC with and into Deep Marine Holdings.

14. "NorthStar" means NorthStar Leadership PAC, a political action committee affiliated with former Senator Norm Coleman.

15. "Delaware Action" means Delaware Chancery Court Case No. 5020-VCS, entitled FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, and Harley Langberg v. Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., Otto Candies, LLC, Deep Marine Holdings, Inc. and Deep Marine Technology, Inc.

16. Unless otherwise noted, the time period for these requests is January 2002 to the present.

INSTRUCTIONS

       A.    Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control, as well as those in the possession, custody or control of your agents, attorneys, accountants, and any other person acting on your behalf or subject to your control. If a request is objected to on the grounds that the documents are not in your possession, custody or control, identify the party who has such possession, custody or control.

       B.    Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

       C.    If no documents responsive to a particular request exist, so state.

       D.    As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence, and the person responsible for the document's disposition. Any document relating to such destruction shall also be produced.

       E.    For each document that you withhold on the basis of privilege, state:

       (a) the type of document (i.e., letter, e-mail, memo, report, etc.);

       (b) information sufficient to enable identification of the

9

document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

(c) the existence of any attachments, addenda or appendices;

(d) the location of the document; and

(e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

F.     These document requests shall be deemed continuing in character so as to require prompt supplemental responses if additional documents called for herein are obtained or discovered between the time of responding to these requests and the final disposition of this action.

Dated:  January 22, 2010

PADUANO & WEINTRAUB LLP

_____

Anthony Paduano
(*pro hac vice* admission pending)
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
Tel:  212-785-9100
Fax: 212-785-9099

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: 302-351-8000
Fax: 302-351-8010

Counsel for FLI DEEP MARINE LLC,
BRESSNER PARTNERS LTD, LOGAN
LANGBERG and HARLEY LANGBERG

10

To:   Marcy E. Kurtz, Esq.
      Jason G. Cohen
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS BY JOHN HUDGENS**

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure

and Rule 34 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine

LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg, through their

undersigned counsel, hereby request that John Hudgens produce the following

documents and things for inspection and copying at the offices of Paduano &

Weintraub LLP, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, by no later than 5:00 p.m. on January 27, 2010.

## DOCUMENT REQUESTS

1.     All documents concerning the merger of Deep Marine Holdings, Inc. ("DMH" and, together with Deep Marine Technology Incorporated, "DMT") with and into NKOC, Inc. (the "Merger"), including but not limited to documents discussing any rationale for the Merger, the execution of the Merger, and Mr. Kazeminy's and Otto Candies' contribution of their respective DMT shares to NKOC.

2.     All documents or communications in which you or any other party assign or assigned a valuation to DMT or your DMT stock, including but not limited to outside appraisals, terms of any sales or proposed sales of DMT stock or DMT as a going concern, any personal loan application on which your personal net worth was disclosed, or any personal financial report prepared by you.

3.     All documents concerning DMT shares sold by or on behalf of Joseph J. Grano, Jr., or persons or entities controlled by or aligned with Mr. Grano, to any NJK Defendant or DMT, including but not limited to documents concerning (a) the negotiation of the purchase price for such shares and (b) the consideration actually paid for such shares.

4.     All documents sufficient to show the exercise of any DMT stock, warrants, the conversion of DMT debt to equity, or the conversion of DMT equity

to debt, in each case from 2002 to the present.

5.    All documents concerning the DMT Special Committee, including but not limited to (a) all documents concerning the formation of the Special Committee, including without limitation any deliberations or discussions regarding potential candidates for the Special Committee, (b) any curriculum vitae for Messrs. Gilman and Lenig, (c) documents sufficient to show any actual or expected financial interest, employment, consulting or other relationship with Messrs. Gilman and/or Lenig (or their family members) and DMT, the NJK Defendants and/or Otto Candies, (d) documents sufficient to show the extent of any participation of Messrs. Gilman and/or Lenig in any of the transactions referenced in the Shareholder Demand Letter, (e) communications to or from the DMT Special Committee, (f) any report or written conclusions of the Special Committee summarizing its investigation into the allegations made in the Shareholder Demand Letter, (g) notes from any interviews conducted by the Special Committee, and (h) all documents produced to the Special Committee.

6.    All documents concerning any objects of value given to former Senator Norman Coleman, Jr., his wife Laurie Coleman or members of the Coleman family, including but not limited to documents relating to (a) cash gifts, trips, clothing, transportation and vacations, (b) contributions to Mr. Coleman's political campaign accounts or to NorthStar PAC, including any efforts to solicit such contributions from third parties, and (c) any investigation by any law enforcement or government agency in connection with the foregoing.

7.     All documents concerning any investigation by the FBI or any other Federal, state, or local law enforcement of other government agency of any NJK Defendant, Otto Candies, Mr. Coleman, DMT, or the three $25,000 payments made to Hays by DMT, including but not limited to (a) all documents produced to the FBI or such other government agency, (b) all correspondence with the FBI or such other government agency, (c) subpoenas from any government authority, and (d) responses to such subpoenas.

8.     All documents concerning DMT's purchase, lease or rental of vessels, cranes and/or other equipment from Otto Candies including, but not limited to, (a) documents sufficient to show any approval of such purchase, lease or rental by DMT, Mr. Kazeminy, or DMT's Board of Directors, (b) documents and communications regarding any negotiation, appraisal, or other method to determine the purchase price of such vessels or equipment, (c) documents concerning problems with such vessels or equipment, (d) documents relating to delivery of defective or damaged equipment and vessels, and (e) consideration paid for such vessels or equipment, whether paid in currency, stock or convertible notes.

9.     A list of current shareholders of DMT and a list of DMT shareholders immediately preceding the consummation of the Merger.

10.    All periodic financial statements (whether audited or unaudited), ledgers, invoices, Vendor Trial Balance computer runs, Aged AP computer runs, projections, annual operating plans and business plans for DMT from 2002 to the present.

11.     All documents relating to the termination of the employment of (a) Paul McKim and (b) B.J. Thomas.

12.     All documents concerning any statements to the press including, but not limited to, documents given to the press, concerning any of the claims asserted against you by Defendants in the Delaware Action.

13.     All documents concerning management or governance of DMT including, but not limited to, (a) corporate by-laws and incorporation documents, (b) corporate minutes, resolutions and all other documents concerning meetings of and actions by the DMT Board of Directors, (c) documents concerning the election of directors to the DMT Board of Directors, and the resignation or termination of DMT directors, (d) documents sufficient to show the members of the DMT board of directors from 2003 to the date of the Merger, (e) notices to DMT shareholders, (f) actions taken by written consent of DMT shareholders, and (g) organizational charts of DMT.

## DEFINITIONS

1.    The term "all" includes the word "any" and the word "any" includes the word "all." The terms "all" and "each" shall be construed as each and all.

2.    The term "concerning" means directly or indirectly, relating to, referring to, reflecting, describing, alluding to, evidencing, memorializing or summarizing.

3.    The terms "communication" or "communications" shall refer to, without limitation, any document, statement or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

4.    The term "document" as used herein is employed in the broadest sense under Court of Chancery Rule 34 to include any medium, including electronic, digital, email and hard copy upon which information is recorded or preserved, by whomever generated or received, and means, without limitation, any written, printed, typed, Photostatted, photographed, e-mailed, recorded, taped or otherwise reproduced communications, compilations or reproductions including computer generated or stored information or data, whether asserted privileged or not and including all copies or drafts of any document which differs (by annotation

or otherwise) in any respect from the original.

5.      The term "including" shall be construed to mean "including without any limitation."

6.      The term "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of any type.

7.      The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

8.      "NJK Defendants" means Nasser Kazeminy, NJK Holdings Corporation, DCC Ventures, LLC, NKOC, Inc., his and their corporate parents, affiliates, and subsidiaries, and his and their directors, officers, employees, agents, and all those acting on his or their behalf or direction.

9.      "DMT" means Deep Marine Holdings, Inc. and Deep Marine Technology, Inc., their corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on their behalf or direction.

10.     "Otto Candies" means Otto Candies, LLC, Otto Candies, Jr., Otto Candies, III, their corporate parents, affiliates, and subsidiaries, and their

directors, officers, employees, agents, and all those acting on their behalf or direction.

11.    "Hays" means Hays Companies, its corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on its/their behalf or direction.

12.    "The Shareholder Demand Letter" means the letter dated October 10, 2008 from Anthony Paduano, Esq. on behalf of minority shareholders to the Board of Directors of DMT.

13.    "Merger" means the merger on July 1, 2009 of NKOC with and into Deep Marine Holdings.

14.    "NorthStar" means NorthStar Leadership PAC, a political action committee affiliated with former Senator Norm Coleman.

15.    "Delaware Action" means Delaware Chancery Court Case No. 5020-VCS, entitled <u>FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, and Harley Langberg v. Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., Otto Candies, LLC, Deep Marine Holdings, Inc. and Deep Marine Technology, Inc.</u>

16.    Unless otherwise noted, the time period for these requests is January 2002 to the present.

## INSTRUCTIONS

A.      Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control, as well as those in the possession, custody or control of your agents, attorneys, accountants, and any other person acting on your behalf or subject to your control.  If a request is objected to on the grounds that the documents are not in your possession, custody or control, identify the party who has such possession, custody or control.

B.      Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

C.      If no documents responsive to a particular request exist, so state.

D.      As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence, and the person responsible for the document□s disposition.  Any document relating to such destruction shall also be produced.

E.      For each document that you withhold on the basis of privilege, state:

(a) the type of document (i.e., letter, e-mail, memo, report, etc.);

(b)   information   sufficient   to   enable   identification   of   the

9

document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

(c) the existence of any attachments, addenda or appendices;

(d) the location of the document; and

(e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

F.   These document requests shall be deemed continuing in character so as to require prompt supplemental responses if additional documents called for herein are obtained or discovered between the time of responding to these requests and the final disposition of this action.

Dated:  January 22, 2010

PADUANO & WEINTRAUB LLP

_Anthony Paduano_ / _J._
Anthony Paduano
(*pro hac vice* admission pending)
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
Tel:  212-785-9100
Fax: 212-785-9099

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: 302-351-8000
Fax: 302-351-8010

Counsel for FLI DEEP MARINE LLC,
BRESSNER PARTNERS LTD, LOGAN
LANGBERG and HARLEY LANGBERG

10

To:     Marcy E. Kurtz, Esq.
        Jason G. Cohen
        Bracewell & Giuliani LLP
        711 Louisiana, Suite 2300
        Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS BY OTTO CANDIES, JR.**

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure

and Rule 34 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine

LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg, through their

undersigned counsel, hereby request that Otto Candies, Jr. produce the following

documents and things for inspection and copying at the offices of Paduano &

Weintraub LLP, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, by no later than 5:00 p.m. on January 27, 2010.


## DOCUMENT REQUESTS

1.      All documents concerning the merger of Deep Marine Holdings, Inc. ("DMH" and, together with Deep Marine Technology Incorporated, "DMT") with and into NKOC, Inc. (the "Merger"), including but not limited to documents discussing any rationale for the Merger, the execution of the Merger, and Mr. Kazeminy's and Otto Candies' contribution of their respective DMT shares to NKOC.

2.      All documents or communications in which you or any other party assign or assigned a valuation to DMT or your DMT stock, including but not limited to outside appraisals, terms of any sales or proposed sales of DMT stock or DMT as a going concern, any personal loan application on which your personal net worth was disclosed, or any personal financial report prepared by you.

3.      All documents concerning DMT shares sold by or on behalf of Joseph J. Grano, Jr., or persons or entities controlled by or aligned with Mr. Grano, to any NJK Defendant or DMT, including but not limited to documents concerning (a) the negotiation of the purchase price for such shares and (b) the consideration actually paid for such shares.

4.      All documents sufficient to show the exercise of any DMT stock, warrants, the conversion of DMT debt to equity, or the conversion of DMT equity

to debt, in each case from 2002 to the present.

5.    All documents concerning the DMT Special Committee, including but not limited to (a) all documents concerning the formation of the Special Committee, including without limitation any deliberations or discussions regarding potential candidates for the Special Committee, (b) any curriculum vitae for Messrs. Gilman and Lenig, (c) documents sufficient to show any actual or expected financial interest, employment, consulting or other relationship with Messrs. Gilman and/or Lenig (or their family members) and DMT, the NJK Defendants and/or Otto Candies, (d) documents sufficient to show the extent of any participation of Messrs. Gilman and/or Lenig in any of the transactions referenced in the Shareholder Demand Letter, (e) communications to or from the DMT Special Committee, (f) any report or written conclusions of the Special Committee summarizing its investigation into the allegations made in the Shareholder Demand Letter, (g) notes from any interviews conducted by the Special Committee, and (h) all documents produced to the Special Committee.

6.    All documents concerning any objects of value given to former Senator Norman Coleman, Jr., his wife Laurie Coleman or members of the Coleman family, including but not limited to documents relating to (a) cash gifts, trips, clothing, transportation and vacations, (b) contributions to Mr. Coleman's political campaign accounts or to NorthStar PAC, including any efforts to solicit such contributions from third parties, and (c) any investigation by any law enforcement or government agency in connection with the foregoing.

7.     All documents concerning any investigation by the FBI or any other Federal, state, or local law enforcement of other government agency of any NJK Defendant, Otto Candies, Mr. Coleman, DMT, or the three $25,000 payments made to Hays by DMT, including but not limited to (a) all documents produced to the FBI or such other government agency, (b) all correspondence with the FBI or such other government agency, (c) subpoenas from any government authority, and (d) responses to such subpoenas.

8.     All documents concerning DMT's purchase, lease or rental of vessels, cranes and/or other equipment from Otto Candies including, but not limited to, (a) documents sufficient to show any approval of such purchase, lease or rental by DMT, Mr. Kazeminy, or DMT's Board of Directors, (b) documents and communications regarding any negotiation, appraisal, or other method to determine the purchase price of such vessels or equipment, (c) documents concerning problems with such vessels or equipment, (d) documents relating to delivery of defective or damaged equipment and vessels, and (e) consideration paid for such vessels or equipment, whether paid in currency, stock or convertible notes.

9.     A list of current shareholders of DMT and a list of DMT shareholders immediately preceding the consummation of the Merger.

10.     All periodic financial statements (whether audited or unaudited), ledgers, invoices, Vendor Trial Balance computer runs, Aged AP computer runs, projections, annual operating plans and business plans for DMT from 2002 to the present.

11.    All documents relating to the termination of the employment of (a) Paul McKim and (b) B.J. Thomas.

12.    All documents concerning any statements to the press including, but not limited to, documents given to the press, concerning any of the claims asserted against you by Defendants in the Delaware Action.

13.    All documents concerning management or governance of DMT including, but not limited to, (a) corporate by-laws and incorporation documents, (b) corporate minutes, resolutions and all other documents concerning meetings of and actions by the DMT Board of Directors, (c) documents concerning the election of directors to the DMT Board of Directors, and the resignation or termination of DMT directors, (d) documents sufficient to show the members of the DMT board of directors from 2003 to the date of the Merger, (e) notices to DMT shareholders, (f) actions taken by written consent of DMT shareholders, and (g) organizational charts of DMT.

<u>DEFINITIONS</u>

1.     The term "all" includes the word "any" and the word "any" includes the word "all."   The terms "all" and "each" shall be construed as each and all.

2.     The term "concerning" means directly or indirectly, relating to, referring to, reflecting, describing, alluding to, evidencing, memorializing or summarizing.

3.     The terms "communication" or "communications" shall refer to, without limitation, any document, statement or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

4.     The term "document" as used herein is employed in the broadest sense under Court of Chancery Rule 34 to include any medium, including electronic, digital, email and hard copy upon which information is recorded or preserved, by whomever generated or received, and means, without limitation, any written, printed, typed, Photostatted, photographed, e-mailed, recorded, taped or otherwise reproduced communications, compilations or reproductions including computer generated or stored information or data, whether asserted privileged or not and including all copies or drafts of any document which differs (by annotation

6

or otherwise) in any respect from the original.

5.    The term "including" shall be construed to mean "including without any limitation."

6.    The term "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of any type.

7.    The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

8.    "NJK Defendants" means Nasser Kazeminy, NJK Holdings Corporation, DCC Ventures, LLC, NKOC, Inc., his and their corporate parents, affiliates, and subsidiaries, and his and their directors, officers, employees, agents, and all those acting on his or their behalf or direction.

9.    "DMT" means Deep Marine Holdings, Inc. and Deep Marine Technology, Inc., their corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on their behalf or direction.

10.    "Otto Candies" means Otto Candies, LLC, Otto Candies, Jr., Otto Candies, III, their corporate parents, affiliates, and subsidiaries, and their

directors, officers, employees, agents, and all those acting on their behalf or direction.

11.    "Hays" means Hays Companies, its corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on its/their behalf or direction.

12.    "The Shareholder Demand Letter" means the letter dated October 10, 2008 from Anthony Paduano, Esq. on behalf of minority shareholders to the Board of Directors of DMT.

13.    "Merger" means the merger on July 1, 2009 of NKOC with and into Deep Marine Holdings.

14.    "NorthStar" means NorthStar Leadership PAC, a political action committee affiliated with former Senator Norm Coleman.

15.    "Delaware Action" means Delaware Chancery Court Case No. 5020-VCS, entitled FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, and Harley Langberg v. Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., Otto Candies, LLC, Deep Marine Holdings, Inc. and Deep Marine Technology, Inc.

16.    Unless otherwise noted, the time period for these requests is January 2002 to the present.

## INSTRUCTIONS

A.    Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control, as well as those in the possession, custody or control of your agents, attorneys, accountants, and any other person acting on your behalf or subject to your control.   If a request is objected to on the grounds that the documents are not in your possession, custody or control, identify the party who has such possession, custody or control.

B.    Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

C.    If no documents responsive to a particular request exist, so state.

D.    As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence, and the person responsible for the document's disposition.   Any document relating to such destruction shall also be produced.

E.    For each document that you withhold on the basis of privilege, state:

(a) the type of document (i.e., letter, e-mail, memo, report, etc.);

(b)  information  sufficient  to  enable  identification  of  the

document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

(c) the existence of any attachments, addenda or appendices;

(d) the location of the document; and

(e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

F.    These document requests shall be deemed continuing in character so as to require prompt supplemental responses if additional documents called for herein are obtained or discovered between the time of responding to these requests and the final disposition of this action.

Dated:  January 22, 2010

PADUANO & WEINTRAUB LLP

Anthony Paduano / JP

Anthony Paduano
(*pro hac vice* admission pending)
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
Tel:  212-785-9100
Fax: 212-785-9099

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: 302-351-8000
Fax: 302-351-8010

Counsel for FLI DEEP MARINE LLC, BRESSNER PARTNERS LTD, LOGAN LANGBERG and HARLEY LANGBERG

To:   Marcy E. Kurtz, Esq.
      Jason G. Cohen
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS BY NASSER KAZEMINY

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure

and Rule 34 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine

LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg, through their

undersigned counsel, hereby request that Nasser Kazeminy produce the following

documents and things for inspection and copying at the offices of Paduano &

Weintraub LLP, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, by no later than 5:00 p.m. on January 27, 2010.

## DOCUMENT REQUESTS

1.    All documents concerning the merger of Deep Marine Holdings, Inc. ("DMH" and, together with Deep Marine Technology Incorporated, "DMT") with and into NKOC, Inc. (the "Merger"), including but not limited to documents discussing any rationale for the Merger, the execution of the Merger, and Mr. Kazeminy's and Otto Candies' contribution of their respective DMT shares to NKOC.

2.    All documents or communications in which you or any other party assign or assigned a valuation to DMT or your DMT stock, including but not limited to outside appraisals, terms of any sales or proposed sales of DMT stock or DMT as a going concern, any personal loan application on which your personal net worth was disclosed, or any personal financial report prepared by you.

3.    All documents concerning DMT shares sold by or on behalf of Joseph J. Grano, Jr., or persons or entities controlled by or aligned with Mr. Grano, to any NJK Defendant or DMT, including but not limited to documents concerning (a) the negotiation of the purchase price for such shares and (b) the consideration actually paid for such shares.

4.    All documents sufficient to show the exercise of any DMT stock, warrants, the conversion of DMT debt to equity, or the conversion of DMT equity

2

to debt, in each case from 2002 to the present.

5.      All documents concerning the DMT Special Committee, including but not limited to (a) all documents concerning the formation of the Special Committee, including without limitation any deliberations or discussions regarding potential candidates for the Special Committee, (b) any curriculum vitae for Messrs. Gilman and Lenig, (c) documents sufficient to show any actual or expected financial interest, employment, consulting or other relationship with Messrs. Gilman and/or Lenig (or their family members) and DMT, the NJK Defendants and/or Otto Candies, (d) documents sufficient to show the extent of any participation of Messrs. Gilman and/or Lenig in any of the transactions referenced in the Shareholder Demand Letter, (e) communications to or from the DMT Special Committee, (f) any report or written conclusions of the Special Committee summarizing its investigation into the allegations made in the Shareholder Demand Letter, (g) notes from any interviews conducted by the Special Committee, and (h) all documents produced to the Special Committee.

6.      All documents concerning any objects of value given to former Senator Norman Coleman, Jr., his wife Laurie Coleman or members of the Coleman family, including but not limited to documents relating to (a) cash gifts, trips, clothing, transportation and vacations, (b) contributions to Mr. Coleman's political campaign accounts or to NorthStar PAC, including any efforts to solicit such contributions from third parties, and (c) any investigation by any law enforcement or government agency in connection with the foregoing.

7.     All documents concerning any investigation by the FBI or any other Federal, state, or local law enforcement of other government agency of any NJK Defendant, Otto Candies, Mr. Coleman, DMT, or the three $25,000 payments made to Hays by DMT, including but not limited to (a) all documents produced to the FBI or such other government agency, (b) all correspondence with the FBI or such other government agency, (c) subpoenas from any government authority, and (d) responses to such subpoenas.

8.     All documents concerning DMT's purchase, lease or rental of vessels, cranes and/or other equipment from Otto Candies including, but not limited to, (a) documents sufficient to show any approval of such purchase, lease or rental by DMT, Mr. Kazeminy, or DMT's Board of Directors, (b) documents and communications regarding any negotiation, appraisal, or other method to determine the purchase price of such vessels or equipment, (c) documents concerning problems with such vessels or equipment, (d) documents relating to delivery of defective or damaged equipment and vessels, and (e) consideration paid for such vessels or equipment, whether paid in currency, stock or convertible notes.

9.     A list of current shareholders of DMT and a list of DMT shareholders immediately preceding the consummation of the Merger.

10.     All periodic financial statements (whether audited or unaudited), ledgers, invoices, Vendor Trial Balance computer runs, Aged AP computer runs, projections, annual operating plans and business plans for DMT from 2002 to the present.

11.     All documents relating to the termination of the employment of (a) Paul McKim and (b) B.J. Thomas.

12.     All documents concerning any statements to the press including, but not limited to, documents given to the press, concerning any of the claims asserted against you by Defendants in the Delaware Action.

13.     All documents concerning management or governance of DMT including, but not limited to, (a) corporate by-laws and incorporation documents, (b) corporate minutes, resolutions and all other documents concerning meetings of and actions by the DMT Board of Directors, (c) documents concerning the election of directors to the DMT Board of Directors, and the resignation or termination of DMT directors, (d) documents sufficient to show the members of the DMT board of directors from 2003 to the date of the Merger, (e) notices to DMT shareholders, (f) actions taken by written consent of DMT shareholders, and (g) organizational charts of DMT.

## DEFINITIONS

1.      The term "all" includes the word "any" and the word "any" includes the word "all." The terms "all" and "each" shall be construed as each and all.

2.      The term "concerning" means directly or indirectly, relating to, referring to, reflecting, describing, alluding to, evidencing, memorializing or summarizing.

3.      The terms "communication" or "communications" shall refer to, without limitation, any document, statement or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

4.      The term "document" as used herein is employed in the broadest sense under Court of Chancery Rule 34 to include any medium, including electronic, digital, email and hard copy upon which information is recorded or preserved, by whomever generated or received, and means, without limitation, any written, printed, typed, Photostatted, photographed, e-mailed, recorded, taped or otherwise reproduced communications, compilations or reproductions including computer generated or stored information or data, whether asserted privileged or not and including all copies or drafts of any document which differs (by annotation

or otherwise) in any respect from the original.

5.     The term "including" shall be construed to mean "including without any limitation."

6.     The term "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of any type.

7.     The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

8.     "NJK Defendants" means Nasser Kazeminy, NJK Holdings Corporation, DCC Ventures, LLC, NKOC, Inc., his and their corporate parents, affiliates, and subsidiaries, and his and their directors, officers, employees, agents, and all those acting on his or their behalf or direction.

9.     "DMT" means Deep Marine Holdings, Inc. and Deep Marine Technology, Inc., their corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on their behalf or direction.

10.     "Otto Candies" means Otto Candies, LLC, Otto Candies, Jr., Otto Candies, III, their corporate parents, affiliates, and subsidiaries, and their

directors, officers, employees, agents, and all those acting on their behalf or direction.

11.   "Hays" means Hays Companies, its corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on its/their behalf or direction.

12.   "The Shareholder Demand Letter" means the letter dated October 10, 2008 from Anthony Paduano, Esq. on behalf of minority shareholders to the Board of Directors of DMT.

13.   "Merger" means the merger on July 1, 2009 of NKOC with and into Deep Marine Holdings.

14.   "NorthStar" means NorthStar Leadership PAC, a political action committee affiliated with former Senator Norm Coleman.

15.   "Delaware Action" means Delaware Chancery Court Case No. 5020-VCS, entitled FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, and Harley Langberg v. Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., Otto Candies, LLC, Deep Marine Holdings, Inc. and Deep Marine Technology, Inc.

16.   Unless otherwise noted, the time period for these requests is January 2002 to the present.

## INSTRUCTIONS

A.     Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control, as well as those in the possession, custody or control of your agents, attorneys, accountants, and any other person acting on your behalf or subject to your control.   If a request is objected to on the grounds that the documents are not in your possession, custody or control, identify the party who has such possession, custody or control.

B.     Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

C.     If no documents responsive to a particular request exist, so state.

D.     As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence, and the person responsible for the document☐s disposition.   Any document relating to such destruction shall also be produced.

E.     For each document that you withhold on the basis of privilege, state:

(a) the type of document (i.e., letter, e-mail, memo, report, etc.);

(b)  information  sufficient  to  enable  identification  of  the

document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

(c) the existence of any attachments, addenda or appendices;

(d) the location of the document; and

(e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

F.    These document requests shall be deemed continuing in character so as to require prompt supplemental responses if additional documents called for herein are obtained or discovered between the time of responding to these requests and the final disposition of this action.

Dated:  January 22, 2010

PADUANO & WEINTRAUB LLP

Anthony Paduano
(*pro hac vice* admission pending)
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
Tel:  212-785-9100
Fax: 212-785-9099

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: 302-351-8000
Fax: 302-351-8010

Counsel for FLI DEEP MARINE LLC,
BRESSNER PARTNERS LTD, LOGAN
LANGBERG and HARLEY LANGBERG

To:   Marcy E. Kurtz, Esq.
      Jason G. Cohen
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
<u>DOCUMENTS BY OTTO CANDIES, III</u>**

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure
and Rule 34 of the Federal Rules of Civil Procedure, Defendants FLI Deep Marine
LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg, through their
undersigned counsel, hereby request that Otto Candies, III produce the following
documents and things for inspection and copying at the offices of Paduano &

Weintraub LLP, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, by no later than 5:00 p.m. on January 27, 2010.

## DOCUMENT REQUESTS

1.      All documents concerning the merger of Deep Marine Holdings, Inc. ("DMH" and, together with Deep Marine Technology Incorporated, "DMT") with and into NKOC, Inc. (the "Merger"), including but not limited to documents discussing any rationale for the Merger, the execution of the Merger, and Mr. Kazeminy's and Otto Candies' contribution of their respective DMT shares to NKOC.

2.      All documents or communications in which you or any other party assign or assigned a valuation to DMT or your DMT stock, including but not limited to outside appraisals, terms of any sales or proposed sales of DMT stock or DMT as a going concern, any personal loan application on which your personal net worth was disclosed, or any personal financial report prepared by you.

3.      All documents concerning DMT shares sold by or on behalf of Joseph J. Grano, Jr., or persons or entities controlled by or aligned with Mr. Grano, to any NJK Defendant or DMT, including but not limited to documents concerning (a) the negotiation of the purchase price for such shares and (b) the consideration actually paid for such shares.

4.      All documents sufficient to show the exercise of any DMT stock, warrants, the conversion of DMT debt to equity, or the conversion of DMT equity

to debt, in each case from 2002 to the present.

5.    All documents concerning the DMT Special Committee, including but not limited to (a) all documents concerning the formation of the Special Committee, including without limitation any deliberations or discussions regarding potential candidates for the Special Committee, (b) any curriculum vitae for Messrs. Gilman and Lenig, (c) documents sufficient to show any actual or expected financial interest, employment, consulting or other relationship with Messrs. Gilman and/or Lenig (or their family members) and DMT, the NJK Defendants and/or Otto Candies, (d) documents sufficient to show the extent of any participation of Messrs. Gilman and/or Lenig in any of the transactions referenced in the Shareholder Demand Letter, (e) communications to or from the DMT Special Committee, (f) any report or written conclusions of the Special Committee summarizing its investigation into the allegations made in the Shareholder Demand Letter, (g) notes from any interviews conducted by the Special Committee, and (h) all documents produced to the Special Committee.

6.    All documents concerning any objects of value given to former Senator Norman Coleman, Jr., his wife Laurie Coleman or members of the Coleman family, including but not limited to documents relating to (a) cash gifts, trips, clothing, transportation and vacations, (b) contributions to Mr. Coleman's political campaign accounts or to NorthStar PAC, including any efforts to solicit such contributions from third parties, and (c) any investigation by any law enforcement or government agency in connection with the foregoing.

7.     All documents concerning any investigation by the FBI or any other Federal, state, or local law enforcement of other government agency of any NJK Defendant, Otto Candies, Mr. Coleman, DMT, or the three $25,000 payments made to Hays by DMT, including but not limited to (a) all documents produced to the FBI or such other government agency, (b) all correspondence with the FBI or such other government agency, (c) subpoenas from any government authority, and (d) responses to such subpoenas.

8.     All documents concerning DMT's purchase, lease or rental of vessels, cranes and/or other equipment from Otto Candies including, but not limited to, (a) documents sufficient to show any approval of such purchase, lease or rental by DMT, Mr. Kazeminy, or DMT's Board of Directors, (b) documents and communications regarding any negotiation, appraisal, or other method to determine the purchase price of such vessels or equipment, (c) documents concerning problems with such vessels or equipment, (d) documents relating to delivery of defective or damaged equipment and vessels, and (e) consideration paid for such vessels or equipment, whether paid in currency, stock or convertible notes.

9.     A list of current shareholders of DMT and a list of DMT shareholders immediately preceding the consummation of the Merger.

10.    All periodic financial statements (whether audited or unaudited), ledgers, invoices, Vendor Trial Balance computer runs, Aged AP computer runs, projections, annual operating plans and business plans for DMT from 2002 to the present.

11.    All documents relating to the termination of the employment of (a) Paul McKim and (b) B.J. Thomas.

12.    All documents concerning any statements to the press including, but not limited to, documents given to the press, concerning any of the claims asserted against you by Defendants in the Delaware Action.

13.    All documents concerning management or governance of DMT including, but not limited to, (a) corporate by-laws and incorporation documents, (b) corporate minutes, resolutions and all other documents concerning meetings of and actions by the DMT Board of Directors, (c) documents concerning the election of directors to the DMT Board of Directors, and the resignation or termination of DMT directors, (d) documents sufficient to show the members of the DMT board of directors from 2003 to the date of the Merger, (e) notices to DMT shareholders, (f) actions taken by written consent of DMT shareholders, and (g) organizational charts of DMT.

DEFINITIONS

1.      The term "all" includes the word "any" and the word "any" includes the word "all."  The terms "all" and "each" shall be construed as each and all.

2.      The term "concerning" means directly or indirectly, relating to, referring to, reflecting, describing, alluding to, evidencing, memorializing or summarizing.

3.      The terms "communication" or "communications" shall refer to, without limitation, any document, statement or expression which constitutes, embodies, evidences or relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

4.      The term "document" as used herein is employed in the broadest sense under Court of Chancery Rule 34 to include any medium, including electronic, digital, email and hard copy upon which information is recorded or preserved, by whomever generated or received, and means, without limitation, any written, printed, typed, Photostatted, photographed, e-mailed, recorded, taped or otherwise reproduced communications, compilations or reproductions including computer generated or stored information or data, whether asserted privileged or not and including all copies or drafts of any document which differs (by annotation

6

or otherwise) in any respect from the original.

5.     The term "including" shall be construed to mean "including without any limitation."

6.     The term "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of any type.

7.     The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

8.     "NJK Defendants" means Nasser Kazeminy, NJK Holdings Corporation, DCC Ventures, LLC, NKOC, Inc., his and their corporate parents, affiliates, and subsidiaries, and his and their directors, officers, employees, agents, and all those acting on his or their behalf or direction.

9.     "DMT" means Deep Marine Holdings, Inc. and Deep Marine Technology, Inc., their corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on their behalf or direction.

10.    "Otto Candies" means Otto Candies, LLC, Otto Candies, Jr., Otto Candies, III, their corporate parents, affiliates, and subsidiaries, and their

directors, officers, employees, agents, and all those acting on their behalf or direction.

11.    "Hays" means Hays Companies, its corporate parents, affiliates, and subsidiaries, and their directors, officers, employees, agents, and all those acting on its/their behalf or direction.

12.    "The Shareholder Demand Letter" means the letter dated October 10, 2008 from Anthony Paduano, Esq. on behalf of minority shareholders to the Board of Directors of DMT.

13.    "Merger" means the merger on July 1, 2009 of NKOC with and into Deep Marine Holdings.

14.    "NorthStar" means NorthStar Leadership PAC, a political action committee affiliated with former Senator Norm Coleman.

15.    "Delaware Action" means Delaware Chancery Court Case No. 5020-VCS, entitled <u>FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg, and Harley Langberg v. Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., Otto Candies, LLC, Deep Marine Holdings, Inc. and Deep Marine Technology, Inc.</u>

16.    Unless otherwise noted, the time period for these requests is January 2002 to the present.

8

## INSTRUCTIONS

A.      Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control, as well as those in the possession, custody or control of your agents, attorneys, accountants, and any other person acting on your behalf or subject to your control.  If a request is objected to on the grounds that the documents are not in your possession, custody or control, identify the party who has such possession, custody or control.

B.      Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

C.      If no documents responsive to a particular request exist, so state.

D.      As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence, and the person responsible for the document's disposition.  Any document relating to such destruction shall also be produced.

E.      For each document that you withhold on the basis of privilege, state:

(a) the type of document (i.e., letter, e-mail, memo, report, etc.);

(b) information sufficient to enable identification of the

9

document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

(c) the existence of any attachments, addenda or appendices;

(d) the location of the document; and

(e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

F.    These document requests shall be deemed continuing in character so as to require prompt supplemental responses if additional documents called for herein are obtained or discovered between the time of responding to these requests and the final disposition of this action.

Dated:  January 22, 2010

PADUANO & WEINTRAUB LLP

Anthony Paduano
(*pro hac vice* admission pending)
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
Tel:  212-785-9100
Fax: 212-785-9099

JASPAN SCHLESINGER HOFFMAN, LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: 302-351-8000
Fax: 302-351-8010

Counsel for FLI DEEP MARINE LLC,
BRESSNER PARTNERS LTD, LOGAN
LANGBERG and HARLEY LANGBERG

To:   Marcy E. Kurtz, Esq.
Jason G. Cohen
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002