**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

**OPPOSITION OF DEFENDANTS FLI DEEP MARINE LLC, BRESSNER PARTNERS LTD., LOGAN LANGBERG AND HARLEY LANGBERG TO DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendants Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg ("Defendants") respectfully submit this Opposition (the "Opposition") to Debtors' Emergency Motion for Protective Order Related to Defendants' First Request for Production ("Debtors' Motion"). Defendants also

refer to the Motion to Compel filed by Defendants on January 26, 2010 and the Affidavit of Anthony Paduano, sworn to on the same day, which address many of the same points raised by Debtors' Motion and are incorporated herein by reference.

**Preliminary Statement**

1. The issue before the Court is whether the automatic bankruptcy stay should be extended to cover Defendants' direct claims against Nasser Kazeminy and Otto Candies, III (and entities owned and controlled by them), for their destruction of Defendants' investments in the Debtors.

2. The Debtors assert that the main issue is ownership of the claims asserted in the Delaware Action, but that the Defendants have no right to any discovery that might relate in any way to the underlying causes of action, either in the declaratory judgment action before this Court or in the Delaware Action. This position would effectively hamstring Defendants, preventing them from presenting any evidence relating to the ownership of the claims, because that evidence will necessarily relate to some of the facts that could arguably also relate to the underlying claims.

3. The fact is, Nasser Kazeminy and Otto Candies, III were the controlling shareholders of the Debtors. At one point each served as a director of the Debtors, but they did not serve as directors at the time when many of the actions that form the basis for the claims in the Delaware Action took place. When Kazeminy and Candies conspired to steal Defendants' shares in the Debtors, Kazeminy and

Candies were acting for themselves, and the right to seek compensation for any damage they caused to Defendants belongs to Defendants, not to the Debtors. That Kazeminy and Candies also caused damage to the Debtors by their actions is not at issue in the purposes of the preliminary injunction hearing.

4. Kazeminy and Candies have been effective at avoiding any discovery into their actions, because they know that any such discovery would reveal a long list of their misdeeds. This Court should not allow them to use the bankruptcy process as a way to avoid any discovery or to indefinitely stay the claims against them, and Defendants should be permitted to take the discovery necessary for them to prove that they own at least some of the claims asserted in the Delaware Action.

**Basis for Opposition**

5. Although the question of "who owns the claims" is also the question in the underlying cause of action for a declaratory judgment, it is also a crucial component of the preliminary injunction analysis – namely, whether the Debtors have a substantial likelihood of success on the merits. In issuing the temporary restraining order, the Court has initially answered this question in the affirmative, but the reason we are having a preliminary injunction hearing is that such a question cannot be adequately resolved in an application for a temporary restraining order on one day's notice. Defendants must be allowed to obtain discovery of facts that would help them prove that they actually own these claims, not the Debtors. The questions of who suffered the harm, and who would receive any

benefit from a recovery, are still open questions, and Defendants are entitled to discovery that would help prove that they suffered harm independent of any harm to the Debtors, and that they are entitled to any recovery on their claims.

**Request for Production No. 1**

6. Request for Production ("RFP") No. 1 seeks "documents that were forwarded to or prepared by each of the Individual Delaware Defendants . . . and that are now in the Debtors' possession concerning the merger of Deep Marine Holdings, Inc. . . . with and into NKOC, Inc."

7. Nasser Kazeminy and Otto Candies, III conspired to improperly squeeze Defendants out of their equity in the Debtors and confiscate the Defendants' shares for basically no consideration. Contrary to Plaintiffs' assertions, Defendants are not using this RFP to "show that its stock was not properly valued in relation to the merger" or that its "stock was diluted" or any similar reason. Defendants hope that documents produced pursuant to this RFP will make clear that Kazeminy and Candies, as individuals, stole Defendants' shares and that Kazeminy and Candies, as individuals, breached duties owed to the Defendants, separate and apart from any duties owed to the Debtors. This would establish that the claims are property of the Defendants, not the Debtors, and would answer the question at the heart of the preliminary injunction hearing. It is therefore an appropriate category of discovery, particularly because Defendants have limited it to "documents that were forwarded to or prepared by each of the Individual Delaware Defendants" and that are in Debtors' possession, not

documents that were prepared by the Debtors. It is especially urgent that we get these documents from the Debtors because Kazeminy and Candies have shown their unwillingness to participate in any form of discovery in any court, and because Mr. Kazeminy is apparently "on vacation" and cannot be served with a subpoena.[1]

8. As further support for Defendants' rights to obtain discovery on these facts, it should noted (and has been noted previously) that under Delaware law, controlling shareholders owe a fiduciary duty to minority shareholders, separate and apart from any duties owed to or by the corporation whose equity they own. Breaches of fiduciary duties owed directly to minority shareholders have also been found in cases where companies have consummated mergers that served no business purpose other than to force out minority shareholders or deprive them of standing in derivative cases. See In re Summit Metals, Inc., CIV.A. 98-2870, 2004 WL 1812700, *12 (D. Del. 2004); Singer v. Magnavox Co., 380 A.2d 969 (Del. 1977), overruled on other grounds by Weinberger v. UOP, Inc., 457 A.2d 701 (Del. 1983); Roland Int'l Corp. v. Najjar, 407 A.2d 1032 (Del. 1979), overruled on other grounds, 457 A.2d 701 (Del. 1982).

---

[1] It is amusing that the Debtors would assert that "discovery has been unsuccessful in the Delaware Actions" in order to bolster Debtors' claims that Defendants are seeking discovery in this Court that it could not accomplish elsewhere (Debtors' Motion ¶ 6) Discovery has only been "unsuccessful" in Delaware because the Debtors, along with their co-defendants in the Delaware Actions, have pulled every trick in the book in order to evade discovery. That process is repeating itself in this Court, and the Court need look no further to see this than Debtors' claims regarding the proposed confidentiality stipulation supplied by Greenberg Traurig. As discussed in Defendants' Motion to Compel Production, the confidentiality stipulation was used by the Debtors and their Delaware co-defendants to grind discovery to a halt in the Delaware Action (Motion to Compel ¶¶ 16 – 17).

**Request for Production Nos. 2 and 3**

9. RFP No. 2 requests "documents concerning DMT shares sold by or for any of the Individual Delaware Defendants."

10. RFP No. 3 seeks "documents concerning the Individual Delaware Defendants' participation in the negotiating and sale of any DMT shares, including but not limited to documents concerning the purchase price of shares."

11. As asserted in the Complaint filed in the Delaware Action, certain officers and directors of the Debtors made misrepresentations to Defendants and omitted to disclose certain information they had a duty to disclose. Some of those misrepresentations were in connection with discussions of valuation. Similar to RFP No. 1, in RFP No. 2 Defendants seek evidence to support their assertions that certain of the claims in the Delaware Complaint are their property, not the property of the Debtors. Defendants do not seek valuation information for its own sake, but to prove that they "own" the claims related to misrepresentations made by certain of the non-Debtor defendants in the Delaware Action. The same line of reasoning holds true for RFP No.3 as well.

**Request for Production No. 4**

12. RFP No. 4 seeks "documents sufficient to show the exercise of any DMT stock, warrants, the conversion of DMT debt to equity, or the conversion of DMT equity to debt . . . concerning the shares held by any of the Individual Delaware Defendants . . . or claims or debts owed to or by any of the Individual Delaware Defendants."

13. In the Delaware Action, Defendants alleged that Otto Candies and Nasser Kazeminy participated in a scheme to not just dilute Defendants' shares in the Debtors, but to steal those shares outright. On information and belief, one of the mechanisms they used to accomplish that was to have Mr. Candies sell equipment to the Debtors at inflated prices. The Debtors then paid Mr. Candies in a combination of cash and debt convertible into equity. As Candies accumulated this inflated equity interest, Defendants' stake in the Debtors was correspondingly reduced. Once Candies and Kazeminy combined to reach a more than 90% equity interest in the Debtors, they engineered the short form merger that squeezed Defendants out of their interest, with an offer of compensation that amounted to basically zero. This was, put simply, the theft of Defendants' shares, and is a claim belonging to Defendants. There may be other potential claims arising from the same facts – for example, equity dilution and breaches of certain fiduciary duties – that belong to the Debtors, but that does not mean that certain other claims owned by Defendants do not arise from the same facts. Documents showing the exercise of warrants and convertible debt – and Defendants have only asked for such documents that relate to the "Individual Delaware Defendants" – are absolutely relevant to determining the ownership of these claims.

**Request for Production No. 5**

14. RFP No. 5 seeks "documents upon which the Debtors will rely in making their case that the claims of the Delaware Plaintiffs exclusively against the Individual Delaware Defendants are actually property of the Debtor's estate."

15. The Debtors asked this Court for immediate injunctive relief based on their assertions that some or all of the causes of action in the Delaware Action belong to the Debtors, not to Defendants. For the Debtors to now claim that they "have yet to develop their entire underlying cause of action" (Debtors' Motion ¶ 18) is disingenuous. If the Debtors relied on any documents in making their determination that they believed they owned all the claims asserted in the Delaware Action, then those documents should be produced to Defendants. It also should not be much of a burden to produce such documents, because the Debtors would have obviously referred to those documents recently, and should know exactly what and where they are. But the Debtors cannot just claim that such production is not appropriate. Defendants have a right to know the nature of the facts to be used against them, and not just from an exhibit list provided on the eve of the preliminary injunction hearing.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny the Debtors' requested protective order, and pursuant to Defendants' Motion to Compel, enter an Order compelling Plaintiffs to produce to Defendants the requested documents on an expedited basis.

Dated: January 27, 2010

Respectfully submitted,

PADUANO & WEINTRAUB LLP

Anthony Paduano
(*pro hac vice* admission pending)

1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
ap@pwlawyers.com

JASPAN SCHLESINGER LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 351-8000

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg