**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

## DEFENDANTS' REPLY TO MOTION OF PAUL MCKIM FOR ENTRY OF ORDER REGARDING SUBPOENA AND DEBTORS' OBJECTION/RESPONSE TO THE MOTION

Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg and Harley Langberg (the "Defendants") hereby respectfully file this reply to (i) the motion of Paul McKim for entry of an order regarding subpoena (the "McKim Motion") and (ii) Debtors' objection/response to the McKim Motion ("Debtors' Objection").

**Preliminary Statement**

1.    When this Court issued the temporary restraining order (the "TRO")
and scheduled the preliminary injunction hearing (the "Hearing"), the purpose was
to stay all proceedings until the ownership of the causes of action (the "Claims")
asserted by the Defendants in FLI Deep Marine LLC et al. v. Paul McKim et al.,
Delaware Chancery Court, Civil Action No. 5020-VCS (the "Delaware Action") was
determined.

2.    The Defendants issued a subpoena to Paul McKim ("McKim"), the
founder and former CEO of the Debtors who has made allegations similar to the
Claims, seeking to require McKim to produce a copy of the 2009 report of the
Debtors' Special Committee (the "Report") that he has in his possession.  McKim's
attorneys advised Defendants that McKim's copy of the Report was under seal by
order of the Texas State Court, and that they would seek advice from this Court on
how to proceed.

3.    Defendants believe that it is vital for them to review a copy of the
Report prior to the Hearing if they are to be able to fully make their case regarding
ownership of the claims.  The scope of the Special Committee's investigation and
Report was purportedly wide ranging and, upon information and belief, analyzed
claims made by Defendants against Nasser Kazeminy ("Kazeminy") and Otto
Candies, Jr. ("Candies") in their individual capacity that resulted in wrongs
committed by them as individuals against the Defendants that did not flow through

the Debtor.  Any such claims, by definition, would be direct claims that are owned by the Defendants.

4.     If the Court were to follow the logic of the Debtors, the Defendants would be placed in the ultimate "Catch – 22":  the Defendants would only get access to the Report if the Court rules that the Claims belong to Defendants, but Defendants ability to articulate and prove that the Claims belong to them will, upon information and belief, be aided by access to the Report.

**The Subpoena Does Not Violate the Automatic Stay or the TRO**

5.     The Debtors assert that "[t]he SLC Report relates solely to the merits of the Delaware Causes of Action" and therefore the attempt to subpoena McKim's copy of the Report violates the automatic stay and the TRO. (Debtors' Obj. ¶ 2). Yet, the CRO has testified that even he has requested and not seen the Report. Thus since neither the CRO nor the  Defendants have never seen the Report there is no way of knowing if the assertion made by Debtors' counsel is true.   The Defendants need to see a copy of the Report prior to the Hearing if Defendants are truly to have the opportunity to make their case for direct ownership of certain of the Claims.

6.     The Defendants issued the subpoena from this Court and will abide by the ruling of this Court as to the whether the Report can be produced.  Thus, the subpoena was issued in the context of this pending adversary proceeding and, therefore, cannot possibly be a violation of the automatic stay or the TRO, which

prohibits Defendants from prosecuting any lawsuit other than the case presently before the Court.

**Production of the Report to the Defendants Is Not 'Full Disclosure'**

7.     The Debtors assert that because the court in Paul McKim, Individually and Derivatively on behalf of Nominal Defendants Deep Marine Holdings, Inc. and Deep Marine Technology, Inc., v. Nasser Kazeminy, Otto Candies, Jr., John Hudgens, DCC Ventures LLC, Otto Candies LLC, NJK Holding Corporation, Otto Candies III, John Ellingboe, Daniel Erickson, Larry Lenig, Jr., Bruce C. Gilman, Eugene DePalma, and Wade Abadie, Jr., Cause No. 2008-64385 in the 129th Judicial District of Harris County "ordered that the SLC Report be protected from full disclosure" (Debtors' Obj. ¶ 3), Defendants should be prevented from viewing it.  But disclosure of the Report to the Defendants, the minority shareholders of the Debtor at the time the Report was produced who were injured by the actions of Kazeminy and Candies, is clearly not "full disclosure."  This Court has the authority to allow production of the Report to the Defendants on a confidential basis, and may, at this time, restrict the use of the Report to determination of the issues regarding the ownership of the Claims.  Under such circumstances, there is no harm to the Debtors if the Report is produced by McKim.

**The Debtors Have Waived Their Attorney-Client Privilege Regarding the Report**

8.     The Debtors then assert that the Report is subject to an attorney-client privilege and that such privilege may not be waived by McKim.  But the Debtors themselves waived any such privilege when they produced the Report to counsel

for Deepwork, Inc., a co-Defendant.   Under Rule 502 of the Federal Rules of Evidence and Rule 511 of the Texas Rules of Evidence, such disclosure to a third party operates as a waiver of the attorney client privilege, and the Debtors' cannot now reassert a privilege that they – or a predecessor – have previously waived.

<u>**Conclusion**</u>

For the foregoing reasons, Defendants respectfully request that the Court allow the production of the Report to the Defendants by McKim.

Dated:   February 5, 2010

Respectfully submitted,

PADUANO & WEINTRAUB LLP

/s/ *Anthony Paduano*
Anthony Paduano
(*pro hac vice* admission pending)

1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
ap@pwlawyers.com

JASPAN SCHLESINGER LLP
913 North Market Street, 12th Floor
Wilmington, Delaware  19801
(302) 351-8000

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 5, 2010, a true and correct copy of the foregoing document was served on all parties on the attached service list by electronic means as listed on the court's ECF noticing system and by electronic mail as indicated.


/s/ *Jason Snyder*
Jason Snyder

David S Eagle, Esq.
Kelley Green, Esq.
Klehr Harrison, Harvey, Ransburg &
Eller's, LLP
919 Market Street
Suite 1000
Wilmington, DE 19801-3062
deagle@klehr.com
KGreen@klehr.com

Robert R. Weinstine, Esq.
Winthrop and Weinstine
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402-4629
RWeinstine@winthrop.com
JWindler@winthrop.com

Kurt Heyman, Esq.
Patricia Enerio, Esq.
Proctor Heyman LLP
Wilmington, DE 19801
penerio@proctorheyman.com
kheyman@proctorheyman.com

Casey T Wallace, Esq.
Sandy D. Hellums, Esq.
Haynes and Boone LLP
One Houston Center
12212 McKinney Street, Suite 2100
Houston, Texas 77010-2007
casey.wallace@haynesboone.com
sandy.hellums@haynesboone.com

Joseph Schoell, Esq.
Todd Schiltz, Esq.
Drinker Biddle
1100 North Market Street
Suite 1001
Wilmington, DE 19801
Joseph.Schoell@dbr.com
Todd.schiltz@dbr.com

Geoffrey L. Harrison, Esq.
Eric J. Mayer, Esq.
Sammy Ford IV, Esq.
Sussman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Sford&Susmangodfrey.Com
gharrison@susmangodfrey.com
sford@susmangodfrey.com

Kevin W Goldstein, Esq.
Stradley Ronan Stevens & Young, LLP
300 Delaware Avenue Suite 800
Wilmington, DE 19802
kgoldstein@stradley.com
fgauthier@stradley.com

Thomas J. Cortazzo, Esq.
Jena W. Smith, Esq.
Baldwin Haspel Burke & Mayer LLC
110 Poydras Street
Energy Center 22nd Floor
New Orleans, LA 70163-2200
tcortazzo@bhbmlaw.com
smith@bhbmlaw.com

John J. Murphy, III, Esq.
Stradley Ronon, Stevens & Young,
LLP
2600 One Commerce Square
Philadelphia, PA 19103
jmurphy@stradley.com

Rick S. Miller, Esq.
Ferry, Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899
RMiller@eapdlaw.com

Michael J. Maimone, Esq.
Joseph B. Cicero, Esq.
Gregory E. Stuhlman, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
maimonem@gtlaw.com
ciceroj@gtlaw.com
stuhlmang@gtlaw.com
Delaware Counsel for Defendants
Deep Marine Holdings, Inc. and Deep
Marine Technology Inc.

K.B. Battaglini, Esq.
Greenberg Traurig, LLP
1000 Louisiana, Street, Suite 1700
Houston, TX 77002
BattagliniK@gtlaw.com

Laurie Schenker Polleck, Esq.
Jaspan Schlesinger LLP
913 Market Street, 12th Floor
Wilmington DE 19801
lpolleck@jshllp-de.com

Steve Schlesinger, Esq.
Lisa Golden Esq.
Michael Leon, Esq.
Jaspan Schlesinger LLP
Garden City Plaza, Floor 5
Garden City, NY  11530-3333
sschlesinger@jaspanllp.com
lgolden@jaspanllp.com
mleon@jaspanllp.com

Denise Seastone Kraft
Tyler O'Connell Esq.
Edwards Angell Palmer & Dodge LLP
919 North Market Street, Ste 1500
Wilmington, DE 19801
TOConnell@eapdlaw.com
DKraft@eapdlaw.com

Rick Lesser
Lesser & Associates
423 South Pacific Coast Highway
Suite 206
Redondo Beach, California 90277
lesser@divelaw.com
lizardbrane@aol.com

Marcy Kurtz, Esquire
Jason Cohen , Esquire
Will Anderson, Esquire
Trey Wood, Esquire
Bracewell & Giuliani
711 Louisiana Street
Suite 2300, Houston Texas 77002-2770
marcy.kurtz@bgllp.com
jason.cohen@bgllp.com
will.anderson@bgllp.com
trey.wood@bgllp.com

Tony M. Davis
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002
tony.davis@bakerbotts.com

John Bittner
Grant Thornton LLP
1717 Main Street
Dallas, TX 75201
John.Bittner@gt.com