IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| DEEP MARINE HOLDINGS, INC., § | | Case No. 09-39313 |
| et al. § | | |
| § | | Jointly Administered |
| Debtors. § | | Chapter 11 |
| DEEP MARINE HOLDINGS, INC., § | | |
| and DEEP MARINE TECHNOLOGY § | | |
| INCORPORATED § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | |
| § | | Adversary No. 10-03026 |
| FLI DEEP MARINE LLC, BRESSNER § | | |
| PARTNERS LTD., LOGAN LANGBERG § | | |
| HARLEY LANGBERG, AND § | | |
| DEEPWORK, INC. § | | |
| § | | |
| Defendants. § | | |

**DEBTORS' SURREPLY TO DEFENDANTS' REPLY TO MOTION OF PAUL MCKIM
FOR ENTRY OF ORDER REGARDING SUBPOENA AND DEBTORS'
<u>OBJECTION/RESPONSE TO THE MOTION</u>**
**(Relates to Doc. No. 45)**

The above-captioned debtors and debtors-in-possession, the plaintiffs in this adversary proceeding (together, the "<u>Debtors</u>"), by and through their undersigned attorneys, respectfully file this surreply to the Defendants' Reply to Motion of Paul McKim for Entry of Order Regarding Subpoena and Debtors Objection/Response to the Motion, and would show as follows:

1. First, the subpoena for the 2009 report of the Special Committee of Deep Marine Holdings, Inc. and/or Deep Marine Technology Incorporated (the "<u>SLC Report</u>") issued to Paul McKim by the Defendants is a blatant attempt to circumvent the ruling of the Texas state district

court in *McKim v. Kazeminy et al.*, Cause No. 2008-64385, pending in the 129th Judicial District Court in Harris County, Texas (the "Texas Action"). Essentially, after the Texas Action (i.e. the derivative claims brought by Paul McKim) was dismissed, the Deep Marine entities initiated a proceeding against Paul McKim under Texas Business Organization Code § 21.561 in order to recoup the expenses of defending Paul McKim's original suit. The SLC Report was provided to Paul McKim under an agreed protective order signed by the court in the § 21.561 proceeding so that Paul McKim could have the opportunity to argue that his original claims in the Texas Action were not frivolous. The § 21.561 proceeding has not been concluded. Paul McKim should not be able to turn over the SLC Report which he has only come into possession of under court ordered confidentiality because he has been sued for bringing a frivolous action against certain of the Debtors. Defendants seek to use the subpoena power of this Court to violate an agreed protective order of the Texas state district court.

2. Second, the Debtors have provided the Defendants with each and every document that was relied upon by counsel to the Special Litigation Committee in drafting the SLC Report. The SLC Report is simply the conclusions drawn by Debtors' attorneys based on such documents. The Defendants now have such documents and can draw their own conclusions. Thus, the Defendants' claim that "it is vital for them to review a copy of the Report … if they are to be able to fully make their case regarding ownership of the claims" is simply disingenuous. The Defendants have every single document that the Special Litigation Committee looked at in drafting the SLC Report.

3. Third, the SLC Report has no relationship whatsoever to the matters in dispute in this adversary. Despite the Defendants best efforts to cloud the issue, the point of this adversary proceeding is to determine ownership of the Delaware Causes of Action. The validity of the

underlying facts of the Delaware Causes of Action are irrelevant.  The SLC Report is an analysis conducted into the assertions made and matters raised in the Shareholder Demand Letter dated October 10, 2008.  That letter is attached hereto as **Exhibit A.**  As one can see from the letter (signed by Mr. Paduano), it complains of "serious breaches of fiduciary duty by certain employees, officers and directors of DMT and others who have diverted and/or misappropriated corporate assets … *causing substantial injury to the corporation.*"  (Exhibit A) (emphasis added).  Mr. Paduano's letter concludes by stating "As a result of the foregoing wrongdoing and breached of duty, *DMT has sustained damages totaling millions of dollars.*  On behalf of the Investors, we demand that DMT establish a Special Litigation Committee and immediately *take action to recover the damages sustained by DMT as a result of the misconduct described herein*…."  (Exhibit A) (emphasis added).  I.e. the SLC Report focuses on the facts underlying the derivative claims set out in Mr. Paduano's October 10, 2008 letter.  As the Debtors have proclaimed *ad nauseam*, the facts underlying the Delaware Causes of Action are not suitable for discovery.  The Debtors stipulate to the truth of such facts for the purposes of the preliminary injunction.  Nonetheless,  Defendants insist on trying to prosecute claims that do not belong to them by propounding inappropriate discovery.

WHEREFORE, premises considered, the Debtors respectfully request that this Court enter an order prohibiting the production of the SLC Report and granting such other relief as the Court deems appropriate.

**BRACEWELL & GIULIANI LLP**

By: _/s/ Marcy E. Kurtz_
  Marcy E. Kurtz
  Texas Bar No. 11768600
  Marcy.Kurtz@bgllp.com
  William A. (Trey) Wood III
  Texas Bar No. 21916050
  Trey.Wood@bgllp.com
  Jason G. Cohen
  Texas Bar No. 24050435
  Jason.Cohen@bgllp.com
  Bracewell & Giuliani LLP
  711 Louisiana, Suite 2300
  Houston, Texas 77002
  Telephone: (713) 223-2300
  Facsimile: (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was served upon the parties listed below by electronic mail on February 8, 2010.

                                                                   */s/ Jason G. Cohen*
                                                                   Jason G. Cohen

| | |
|---|---|
| Laurie Schenker Polleck<br>lpolleck@jshllp-de.com<br>JASPAN SCHLESINGER HOFFMAN LLP<br>913 N. Market Street<br>Wilmington, Delaware 19801 | Rick. S. Miller<br>RMiller@eapdlaw.com<br>FERRY, JOSEPH & PEARCE, P.A.<br>824 North Market Street, Suite 904<br>Wilmington, Delaware 19801 |
| Kurt M. Heyman<br>kheyman@proctorheyman.com<br>Patricia L. Enerio<br>penerio@proctorheyman.com<br>PROCTOR HEYMAN LLP<br>1116 N. West Street<br>Wilmington, Delaware 19801 | David S. Eagle<br>deagle@klehr.com<br>Kelly A. Green<br>KGreen@klehr.com<br>KLEHR, HARRISON, HARVEY,<br>BRANZBURG & ELLERS LLP<br>919N. Market Street, Suite 1000<br>Wilmington, Delaware 19801 |
| Anthony Paduano<br>ap@pwlawyers.com<br>Katherine B. Harrison<br>kh@pwlawyers.com<br>Jason J. Snyder<br>jjs@pwlawyers.com<br>Jordan Becker<br>jdb@pwlawyers.com<br>PADUANO & WEINTRAUB LLP<br>1251 Avenue of the Americas, 9th Floor<br>New York, New York 10020 | Robert P. Weinstine<br>RWeinstine@winthrop.com<br>David M. Aafedt<br>Joseph M. Windler<br>JWindler@winthrop.com<br>WINTHROP & WEINSTINE PA<br>225 South Sixth Street, Suite 3500<br>Minneapolis, Minnesota 55402 |
| Denise Seastone Kraft<br>DKraft@eapdlaw.com<br>K. Tyler O'Connell<br>toconnell@eapdlaw.com<br>EDWARDS ANGELL PALMER & DODGE LLP<br>919 North Market Street, 15th Floor<br>Wilmington, Delaware 19801 | John J. Murphy<br>jmurphy@stradley.com<br>Kevin W. Goldstein<br>kgoldstein@stradley.com<br>STRADLEY RONON STEVENS & YOUNG LLP<br>300 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801 |

| | |
|---|---|
| Richard A. Lesser<br>lesser@divelaw.com<br>LESSER &ASSOCIATES<br>423 South Pacific Coast Highway<br>Suite 206<br>Redondo Beach, California 90277 | Thomas J. Cortazzo<br>tcortazzo@bhbmlaw.com<br>BALDWIN HASPEL BURKE & MAYER LLC<br>Energy Centre, 22nd Floor<br>1100 Poydras Street<br>New Orleans, Louisiana 70163 |
| Joseph C. Schoell<br>Joseph.Schoell@dbr.com<br>Todd C. Schiltz<br>Todd.Schiltz@dbr.com<br>DRINKER BIDDLE & REATH LLP<br>1100 North Market Street<br>Wilmington, Delaware 19801 | Geoffrey L. Harrison<br>gharrison@susmangodfrey.com<br>Sammy Ford IV<br>sford@susmangodfrey.com<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002 |
| K.B. Battaglini<br>BattagliniK@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1000 Louisiana Street<br>Suite 1700<br>Houston, Texas 77002 | |