IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DEEP MARINE HOLDINGS, INC. et al. | § § § § § § | Case No. 09-39313 Jointly Administered Chapter 11 |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., and DEEP MARINE TECHNOLOGY INCORPORATED | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Adversary No. 10-3026 |
| FLI DEEP MARINE LLC, BRESSNER PARTNERS, LTD., LOGAN LANGBERG, HARLEY LANGBERG, and DEEPWORK, INC. | § § § § § | |
| Defendants. | | |

**DEFENDANTS' RESPONSE TO DEBTORS' SURREPLY TO THE MOTION OF PAUL MCKIM FOR ENTRY OF ORDER REGARDING SUBPOENA AND <u>DEBTORS' OBJECTION/RESPONSE TO THE MOTION</u>**
**(Relates to Doc. No. 38)**

Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg and Harley Langberg (the "Defendants") hereby respectfully file this response to the Debtors' Surreply (the "Surreply") to Defendants' Reply ("Defendants' Reply") to (i) the motion of Paul McKim for entry of an order

regarding subpoena (the "McKim Motion") and (ii) Debtors' objection/response to the McKim Motion ("Debtors' Objection").

## Preliminary Statement

1. The Debtors' Surreply asserts no new legal theories and fails to respond to the arguments made by the Defendants in their Reply. The Debtors' attempt to avoid the Defendants' arguments by, for the first time, stating that the Debtors "have provided the Defendants with each and every document that was relied upon by counsel to the Special Litigation Committee in drafting the SLC Report" (Surreply ¶ 2). This argument, however, is disingenuous, inaccurate, and irrelevant for the reasons discussed below, and therefore should be rejected.

## Argument

### There Is No Good Reason to Deny Defendants Access to the SLC Report

2. In the Debtors' Objection, the Debtors argued that the SLC Report needed to be withheld from the Defendants because (i) the court in <u>McKim v. Kazeminy et al.</u>, Cause No. 2008-64385, pending in the 129th Judicial District Court in Harris County, Texas (the "Texas Action") "has already ordered that the SLC Report be protected from full disclosure" (Debtors' Obj. ¶ 3) and (ii) "the Court of Chancery in Delaware currently has motions before it related to the terms of confidentiality under which the SLC Report should be produced" (Debtors' Obj. ¶ 3).

3. In the Defendants' Reply, the Defendants refined their theory to argue that "disclosure of the Report to the Defendants, the minority shareholders of the

2

Debtor at the time the Report was produced who were injured by the actions of Kazeminy and Candies, is clearly not 'full disclosure'." The Debtors have further amended their theory as to why the Defendants' should be precluded from reviewing the SLC Report in their Surreply, which argues that McKim should be prevented from producing the SLC Report to the Defendants because McKim only came into possession of the SLC Report because he has been sued by the Debtors in Texas and those proceedings have not been concluded.

4. No matter the theory, at each instance the Debtors have made a concerted effort to block the Defendants in their effort to prove ownership of their claims against the individual defendants in the Delaware Action. The Defendants assert that the contents of the SLC report will be dispositive in making the determination regarding the ownership of the claims that are the subject of the preliminary injunction hearing.

5. Any concerns that the Debtors have regarding the Defendants' access to the SLC Report may be resolved by further order of this Court as this Court has the authority to put reasonable limits on the Defendants' use of the SLC Report. Specifically, this Court may limit the use and dissemination of the SLC Report to allow the Defendants to utilize the SLC Report's findings in asserting ownership of the claims, while protecting the Debtors from full disclosure of the SLC Report or prejudice in the Texas Action.

**Documents Relied on by the Special Committee**
**Are Not a Substitute for the SLC Report**

6. The Debtors attempt to block the disclosure of the SLC Report by asserting that "the Debtors have provided the Defendants with each and every document that was relied on by counsel to the Special Litigation Committee in drafting the SLC Report" (Surreply ¶ 2). This argument is disingenuous and self serving. Assuming, *arguendo,* that the Debtors have actually provided the Defendants with every *document* that counsel relied on in drafting the SLC Report , the documents are not a substitute for the report because the Special Committee also relied on *interviews* of "many persons in Texas, Louisiana and Minnesota." (See K.B. Battaglini email attached hereto as Exhibit A). The Debtors have not provided any documents with respect to these interviews, such as transcripts.

7. Furthermore, the Defendants ability to establish ownership of the claim based upon the conduct of the individual Delaware defendants may very well be established by the findings in the SLC Report and not in the individual documents relied on in drafting the SLC Report. The job of the Special Committee and its counsel was not to play stenographer, dutifully transcribing every response they received in their interviews[1], but rather to analyze all the data and to judge the veracity of the responses. That analysis cannot be replicated purely by reviewing the same documents that the Special Committee reviewed, much as a deposition is not made unnecessary by the production of documentary discovery.

---

[1] The emails attached as Exhibit A provide a sense of the quality and thoroughness of the questions and follow-up by counsel for the Special Committee.

4

**The SLC Report May Be Relevant to the**
**Question of Ownership of the Causes of Action**

8. The Debtors insist that "the SLC Report has no relationship whatsoever to the matters in dispute in this adversary" (Surreply ¶ 3). It is particularly difficult for the Defendants to respond to this argument, because they have not yet been given the opportunity to review the SLC Report. The Defendants have consistently asserted that they seek to use the report to establish ownership of the claims and for no other purpose. Given the proposed present limited purpose of the Defendants' use of the SLC Report in the context of the preliminary injunction hearing it is impossible for the Debtors to assert prejudice with any persuasive or viable argument.

9. It is worth noting here that the Debtors' focus on the October 10, 2008 Shareholder Demand Letter (the "Demand Letter") is misplaced. The Debtors apparently argue that because the Demand Letter complained of injuries to the corporation, any facts in the SLC Report – which was prepared in response to the Demand Letter – must necessarily relate <u>only</u> to the injuries to the corporation. This assertion is ridiculous on its face. Upon information and belief, the SLC Report relates to substantially more than the allegations in the Demand Letter that served as the catalyst for the investigation and not as an outline for, or to limit the scope of, the investigation. Consequently, facts uncovered by the SLC Report may prove dispositive in this Court's determination of the ownership of the claims in the Delaware Complaint. This Court has already indicated that it is possible that there

5

are causes of action arising out of the Delaware Complaint that may be property of the Defendants.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court allow the production of the Report to the Defendants by McKim.

Dated:   February 16, 2010

        Respectfully submitted,

        PADUANO & WEINTRAUB LLP

        /s/ *Anthony Paduano*
        Anthony Paduano (Admitted *pro hac vice*)
        1251 Avenue of the Americas
        Ninth Floor
        New York, New York 10020
        (212) 785-9100
        ap@pwlawyers.com

        JASPAN SCHLESINGER LLP
        913 North Market Street, 12th Floor
        Wilmington, Delaware  19801
        (302) 351-8000

        Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2010, a true and correct copy of the foregoing document was served on all parties on the attached service list by electronic means as listed on the court's ECF noticing system and by electronic mail as indicated.

        /s/ *Jason Snyder*
            Jason Snyder

David S Eagle, Esq.
Kelley Green, Esq.
Klehr Harrison, Harvey, Ransburg & Eller's, LLP
919 Market Street
Suite 1000
Wilmington, DE 19801-3062
deagle@klehr.com
KGreen@klehr.com

Robert R. Weinstine, Esq.
Winthrop and Weinstine
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402-4629
RWeinstine@winthrop.com
JWindler@winthrop.com

Kurt Heyman, Esq.
Patricia Enerio, Esq.
Proctor Heyman LLP
Wilmington, DE 19801
penerio@proctorheyman.com
kheyman@proctorheyman.com

Casey T Wallace, Esq.
Sandy D. Hellums, Esq.
Haynes and Boone LLP
One Houston Center
12212 McKinney Street, Suite 2100
Houston, Texas 77010-2007
casey.wallace@haynesboone.com
sandy.hellums@haynesboone.com

Joseph Schoell, Esq.
Todd Schiltz, Esq.
Drinker Biddle
1100 North Market Street
Suite 1001
Wilmington, DE 19801
Joseph.Schoell@dbr.com
Todd.schiltz@dbr.com

Geoffrey L. Harrison, Esq.
Eric J. Mayer, Esq.
Sammy Ford IV, Esq.
Sussman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
gharrison@susmangodfrey.com
sford@susmangodfrey.com

Kevin W Goldstein, Esq.
Stradley Ronan Stevens & Young, LLP
300 Delaware Avenue Suite 800
Wilmington, DE 19802
kgoldstein@stradley.com
fgauthier@stradley.com

Thomas J. Cortazzo, Esq.
Jena W. Smith, Esq.
Baldwin Haspel Burke & Mayer LLC
110 Poydras Street
Energy Center 22nd Floor
New Orleans, LA 70163-2200
tcortazzo@bhbmlaw.com
smith@bhbmlaw.com

John J. Murphy, III, Esq.
Stradley Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
jmurphy@stradley.com

Rick S. Miller, Esq.
Ferry, Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
RMiller@eapdlaw.com

Michael J. Maimone, Esq.
Joseph B. Cicero, Esq.
Gregory E. Stuhlman, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
maimonem@gtlaw.com
ciceroj@gtlaw.com
stuhlmang@gtlaw.com
Delaware Counsel for Defendants Deep Marine Holdings, Inc. and Deep Marine Technology Inc.

K.B. Battaglini, Esq.
Greenberg Traurig, LLP
1000 Louisiana, Street, Suite 1700
Houston, TX 77002
BattagliniK@gtlaw.com

Laurie Schenker Polleck, Esq.
Jaspan Schlesinger LLP
913 Market Street, 12th Floor
Wilmington DE 19801
lpolleck@jshllp-de.com

Steve Schlesinger, Esq.
Lisa Golden Esq.
Michael Leon, Esq.
Jaspan Schlesinger LLP
Garden City Plaza, Floor 5
Garden City, NY  11530-3333
sschlesinger@jaspanllp.com
lgolden@jaspanllp.com
mleon@jaspanllp.com

Denise Seastone Kraft
Tyler O'Connell Esq.
Edwards Angell Palmer & Dodge LLP
919 North Market Street, Ste 1500
Wilmington, DE 19801
TOConnell@eapdlaw.com
DKraft@eapdlaw.com

Rick Lesser
Lesser & Associates
423 South Pacific Coast Highway
Suite 206
Redondo Beach, California 90277
lesser@divelaw.com
lizardbrane@aol.com


Marcy Kurtz, Esquire
Jason Cohen, Esquire
Will Anderson, Esquire
Trey Wood, Esquire
Bracewell & Giuliani
711 Louisiana Street
Suite 2300, Houston Texas 77002-2770
marcy.kurtz@bgllp.com
jason.cohen@bgllp.com
will.anderson@bgllp.com
trey.wood@bgllp.com

Tony M. Davis
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002
tony.davis@bakerbotts.com

John Bittner
Grant Thornton LLP
1717 Main Street
Dallas, TX 75201
John.Bittner@gt.com