IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** § | | |
| § | | |
| **DEEP MARINE HOLDINGS, INC.,** § | | Case No. 09-39313 |
| et al. § | | |
| § | | **Jointly Administered** |
| Debtors. § | | **Chapter 11** |
| **DEEP MARINE HOLDINGS, INC.,** § | | |
| and **DEEP MARINE TECHNOLOGY** § | | |
| **INCORPORATED** § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | |
| § | | **Adversary No. 10-03026** |
| **FLI DEEP MARINE LLC, BRESSNER** § | | |
| **PARTNERS LTD., LOGAN LANGBERG** § | | |
| **HARLEY LANGBERG, AND** § | | |
| **DEEPWORK, INC.** § | | |
| § | | |
| Defendants. § | | |

**DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER
AND TO SHOW CAUSE**

Come now Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated, debtors and debtors-in-possession, as plaintiffs in this adversary proceeding (together, the "<u>Debtors</u>"), by and through their undersigned attorneys, and respectfully file this Emergency Motion for Protective Order and to Show Cause (the "<u>Motion</u>"), and in support thereof, represent as follows:

# I.
# RELEVANT BACKGROUND

1. On January 19, 2010, the Debtors initiated this adversary proceeding by filing their Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (the "Original Complaint").

2. On January 21, 2010, the Court held a hearing on the Debtors' application for temporary restraining order (the "TRO Hearing"). The Defendants were collectively represented by counsel at that hearing. The Court heard arguments and accepted evidence at the hearing and then granted the Debtors' application and issued a temporary restraining order (the "TRO"). The TRO provides that the Defendants are "restrained from prosecuting (i) Case No. 5020-VCS pending in the Court of Chancery of the State of Delaware; (ii) Case No. 5032-VCS pending in the Court of Chancery of the State of Delaware; and (iii) any other lawsuit arising out of the facts and circumstances described in either of the two foregoing lawsuits." (TRO, doc. no. 16).

3. A hearing on the Debtors' application for permanent injunction is set for March 30, 2010 (the "Preliminary Injunction Hearing").

4. Since the TRO Hearing, Defendants have served the Debtors with numerous requests for production and numerous requests for deposition and subpoena's for deposition. The Debtors have quickly complied with the requests for production that have been allowed by Court order. The Debtors have produced John Bittner, John Hudgens and Wade Abadie for deposition. The Debtors also attended the depositions of Otto Candies, Jr. and Otto Candies, III (in New Orleans), both of whom were produced by their respective counsel in response to subpoenas issued in this case by the Defendants.

5. The Debtors are now aware of several other subpoenas for deposition served on third parties by the Defendants in this case. These include:

(a) A subpoena allegedly served on DCC Ventures. Upon information and belief, a deposition of a DCC Ventures representative or representatives is set for March 3, 2010, in Chicago (the "<u>DCC Ventures Subpoena</u>"). Documents also were requested of DCC Ventures in connection with the DCC Ventures Subpoena.

(b) A subpoena allegedly served on Triomphe Investors, LLC. This subpoena demands production of a witness on March 1, 2010, in Las Vegas (the "<u>Triomphe Subpoena</u>," and, together with the DCC Ventures Subpoena, the "<u>Third Party Subpoenas</u>"). The Triomphe Subpoena also requested the production of documents.

6. Additionally, upon information and belief, the Defendants continue to attempt to serve subpoenas for deposition and document requests on third parties NJK Holdings and Nasser Kazeminy and possibly others.

7. The Defendants have neither amended nor sought relief from this Court to amend their claims pending in the Court of Chancery of the State of Delaware (the "<u>Delaware Litigation</u>," as more particularly described above in paragraph 2) and which have been stayed by this Court's TRO.

8. The Debtors have admitted on the record in reported depositions in this adversary proceeding and in court proceedings before this Court that, for purposes of the Preliminary Injunction hearing to be held on March 30, 2010, all of the facts alleged by the plaintiffs in the Delaware Litigation (the Defendants here) are stipulated to be true and uncontested, leaving no issues of disputed fact with respect to the current existing complaints in the Delaware Litigation.

## II.
## REQUESTED RELIEF AND BASIS THEREFOR

9. The Debtors request this Court's protection from the Defendants' irrelevant, wasteful and abusive discovery outside any plausible scope of the Preliminary Injunction issues by (i) prohibiting the depositions sought via the Third Party Subpoenas and (ii) requiring the Defendants to gain Court approval before issuing any further subpoenas for deposition or requests for production. The Debtors also ask this Court to require that the Defendants appear

before this Court and show cause as to why Defendants should not be held and punished for contempt of this Court for knowingly and intentionally violating the TRO. The Defendants have used this Court's ruling allowing discovery relevant to the narrow issues raised in the Preliminary Injunction as a means to (a) go on an unlimited fishing expedition in search of some viable claim against any third party they can find, and/or (b) search for some merits support for the claims already pending in the Delaware Litigation <u>which are already fully admitted</u> for purposes of the Preliminary Injunction.

10. Despite the explicit terms of the TRO, the Defendants have repeatedly sought to prosecute the stayed Delaware Causes of Action.[1] First, the Defendants sought to prosecute the stayed causes of action by questioning various deponents on the merits of such causes of action. Such questioning is inappropriate, and, as the Court noted, the deponents were not "unreasonable in declining to respond to questions; the Debtors have stipulated to the underlying factual allegations for the purposes of the hearing and the questions appear to be directed to the already stipulated facts." (Order Continuing Hearing, doc. no. 46).

11. Most recently, the Defendants have violated the TRO by allegedly serving the Third Party Subpoenas. The Third Party Subpoenas are an obvious attempt by the Defendants to circumvent the TRO under the thinly veiled guise of "discovery" related to the PI Hearing. Specifically, the Defendants have stated that "we learned that Triomphe was the entity which purchased the shares owned by Joe Grano in the Debtors, and these facts go directly to the issue of ownership of the claims we made in the Delaware complaint." (Defendants' email dated February 25, 2010, attached hereto as **Exhibit A**). This conclusory statement is spurious at best.

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Debtors' Original Complaint.

12. Who purchased shares of the Debtors does not, and cannot, have any bearing on who owns the claims asserted by the Defendants in the Delaware Litigation. Those claims are:

    (a)    Claim against the Debtors for appraisal;

    (b)    Claim against the officers and directors of the Debtors for breach of fiduciary duty;

    (c)    Claim against certain shareholders for breach of fiduciary duty;

    (d)    Claim against certain shareholders for unjust enrichment;

    (e)    Claim against certain shareholders for aiding and abetting a breach of fiduciary duty;

    (f)    Claim against officers and directors for aiding and abetting a breach of fiduciary duty;

    (g)    Claim against all defendants for fraud through active concealment of material facts;

    (h)    Claim against all defendants for fraud through silence in the face of a duty to disclose;

    (i)    Claim against certain shareholders for wrongful equity dilution; and

    (j)    Claim against Debtors for an accounting.

13. These are the claims asserted by the Defendants in the Delaware Litigation. These are the claims at issue in this adversary proceeding, the gravamen of which is to determine ownership of such claims. These are the claims over which there is *absolutely no factual dispute whatsoever*, given the Debtors have stipulated to all facts plead in support of such claims, for the purposes of the Preliminary Injunction Hearing. The Defendants have not amended their Delaware Complaint, and they must live within its four corners for the purposes of the Preliminary Injunction Hearing.

14. Regarding the Triomphe Subpoena, the Debtors can fathom no possible connection between the alleged fact that Triomphe Investors, LLC bought shares from Joe Grano, and the issues set for the Preliminary Injunction Hearing. Nonetheless, the Defendants

now expect the Debtors (and numerous other parties) to fly to Las Vegas on four days notice to attend another deposition that is irrelevant to the issues at hand *in this adversary proceeding*.

15. The real reason behind the Triomphe Subpoena is that the Defendants "believe that facts related to sale [sic] by Grano to Triomphe involve fraud and misrepresentations by Mr. Kazeminy that have injured [their] clients...." ((Defendants' second email dated February 25, 2010, attached hereto as **Exhibit B**). In other words, the Defendants are using the discovery allowed for the Preliminary Injunction Hearing to seek out possible new claims related to independent injury to their clients. However, they have not alleged such injury in the Delaware Complaint. If they have alleged such injury, the Debtors request that the Defendants direct them to the page and line of the Delaware Complaint alleging such injury.

16. Regarding the DCC Ventures Subpoena, the Debtors can fathom no possible connection between any actions or statements made by DCC Ventures that goes to ownership of the claims alleged in the Delaware Litigation. Any wrongdoing by DCC Ventures that is alleged in the Delaware Complaint is stipulated to. A factual deposition is, therefore, wholly unnecessary. The Debtors challenge the Defendants to proffer one question, the answer to which has not been stipulated to, which they might ask Triomphe Investors, LLC or DCC Ventures, which would go to the *ownership per section 541* of the Delaware Causes of Action. It cannot be done.

17. The Debtors have given the proverbial inch by allowing with limited interruption and disruption the irrelevant and wasteful depositions of Bittner, Hudgens, Abadie, Candies Jr., and Candies III. Defendants, in turn, seek to take a light-year. The Estates should not have to bear the cost of sending counsel (and paying for Committee counsel) to fly to Chicago, Las Vegas, or any other place for factual depositions when there are no factual disputes. The

Defendants are trying to discover/investigate claims that are not at issue for the Preliminary Injunction Hearing because they are either not alleged by the Defendants in the existing underlying Delaware Litigation or are stipulated to already by the Debtors. It is an abuse of the discovery process and violation of the TRO and it must be stopped.

WHEREFORE, premises considered, the Debtors request that the Court (i) protect them from the pending Third Party Subpeonas by prohibiting the depositions sought thereby, (ii) require the Defendants to seek and attain Court approval before issuing any further subpoenas for deposition or requests for documents, (iii) compel the Defendants to appear before this Court and show cause why they should not be held and punished for contempt for violating the TRO, with such punishment to include the Debtors' attorneys fees in preparing this motion and attending any hearing on the same, and (iv) grant such other and further relief on the Debtors' behalf as it deems just.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:   */s/ Marcy E. Kurtz*
     Marcy E. Kurtz
     Texas Bar No. 11768600
     Marcy.Kurtz@bgllp.com
     William A. (Trey) Wood III
     Texas Bar No. 21916050
     Trey.Wood@bgllp.com
     Jason G. Cohen
     Texas Bar No. 24050435
     Jason.Cohen@bgllp.com
     Bracewell & Giuliani LLP
     711 Louisiana, Suite 2300
     Houston, Texas 77002
     Telephone:   (713) 223-2300
     Facsimile:   (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing pleading was served upon the parties listed below by electronic mail on February 26, 2010.

                                                                         /s/ *Jason G. Cohen*
                                                                        Jason G. Cohen

| | |
|---|---|
| Laurie Schenker Polleck<br>lpolleck@jshllp-de.com<br>JASPAN SCHLESINGER HOFFMAN LLP<br>913 N. Market Street<br>Wilmington, Delaware 19801 | Rick. S. Miller<br>RMiller@eapdlaw.com<br>FERRY, JOSEPH & PEARCE, P.A.<br>824 North Market Street, Suite 904<br>Wilmington, Delaware 19801 |
| Lisa M. Mastrodomenico<br>Michael A. Leon<br>JASPAN SCHLESINGER LLP<br>300 Garden City Plaza<br>Garden City, New York 11530 | |
| Kurt M. Heyman<br>kheyman@proctorheyman.com<br>Patricia L. Enerio<br>penerio@proctorheyman.com<br>PROCTOR HEYMAN LLP<br>1116 N. West Street<br>Wilmington, Delaware 19801 | David S. Eagle<br>deagle@klehr.com<br>Kelly A. Green<br>KGreen@klehr.com<br>KLEHR, HARRISON, HARVEY,<br>BRANZBURG & ELLERS LLP<br>919N. Market Street, Suite 1000<br>Wilmington, Delaware 19801 |
| Anthony Paduano<br>ap@pwlawyers.com<br>Katherine B. Harrison<br>kh@pwlawyers.com<br>Jason J. Snyder<br>jjs@pwlawyers.com<br>Jordan Becker<br>jdb@pwlawyers.com<br>PADUANO & WEINTRAUB LLP<br>1251 Avenue of the Americas, 9th Floor<br>New York, New York 10020 | Robert P. Weinstine<br>RWeinstine@winthrop.com<br>David M. Aafedt<br>Joseph M. Windler<br>JWindler@winthrop.com<br>WINTHROP & WEINSTINE PA<br>225 South Sixth Street, Suite 3500<br>Minneapolis, Minnesota 55402 |

-9-

| | |
|---|---|
| Denise Seastone Kraft<br>DKraft@eapdlaw.com<br>K. Tyler O'Connell<br>toconnell@eapdlaw.com<br>EDWARDS ANGELL PALMER<br>& DODGE LLP<br>919 North Market Street, 15th Floor<br>Wilmington, Delaware 19801 | John J. Murphy<br>jmurphy@stradley.com<br>Kevin W. Goldstein<br>kgoldstein@stradley.com<br>STRADLEY RONON STEVENS<br>& YOUNG LLP<br>300 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801 |
| Richard A. Lesser<br>lesser@divelaw.com<br>LESSER &ASSOCIATES<br>423 South Pacific Coast Highway<br>Suite 206<br>Redondo Beach, California 90277 | Thomas J. Cortazzo<br>tcortazzo@bhbmlaw.com<br>BALDWIN HASPEL BURKE<br>& MAYER LLC<br>Energy Centre, 22nd Floor<br>1100 Poydras Street<br>New Orleans, Louisiana 70163 |
| Joseph C. Schoell<br>Joseph.Schoell@dbr.com<br>Todd C. Schiltz<br>Todd.Schiltz@dbr.com<br>DRINKER BIDDLE & REATH LLP<br>1100 North Market Street<br>Wilmington, Delaware 19801 | Geoffrey L. Harrison<br>gharrison@susmangodfrey.com<br>Sammy Ford IV<br>sford@susmangodfrey.com<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002 |
| K.B. Battaglini<br>BattagliniK@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1000 Louisiana Street, Suite 1700<br>Houston, Texas 77002 | Peter C Ruggero<br>peter.ruggero@haynesboone.com<br>Haynes Boone LLP<br>1221 McKinney St., Ste 2100<br>Houston, TX 77010 |