**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § § | |
| DEEP MARINE HOLDINGS, INC. et al. | § § § § § | Case No. 09-39313<br><br>Jointly Administered Chapter 11 |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., and DEEP MARINE TECHNOLOGY INCORPORATED | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Adversary No. 10-3026 |
| FLI DEEP MARINE LLC, BRESSNER PARTNERS, LTD., LOGAN LANGBERG, HARLEY LANGBERG, and DEEPWORK, INC. | § § § § § § | ORAL ARGUMENT REQUESTED |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT**
**(Relates to Doc. No. 1)**

Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg and Harley Langberg (the "Defendants") respectfully move to dismiss the Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (the "Adversary Complaint") filed by Plaintiffs Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated (together, "DMT" or the "Debtors"), pursuant to Rule 7012 of the Federal Rules of

Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state claim upon which relief can be granted. In support of their Motion, the Defendants state:

1. On October 26, 2009, the Defendants filed a complaint in Delaware Chancery Court (the "Delaware Complaint") asserting claims (the "Delaware Causes of Action") against the Debtors, as well as against Paul McKim, B.J. Thomas, Daniel Erickson, Francis Wade Abadie, Otto Candies, Jr., Otto Candies, III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens, Nasser Kazeminy, DCC Ventures, LLC, NJK Holdings Corporation, NKOC, Inc., and Otto Candies, LLC (collectively, including the Debtors, the "Delaware Defendants").

2. On December 4, 2009 (the "Petition Date"), the Debtors and certain of their affiliates filed voluntary petitions for relief under chapter 11, Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

3. On that same day, the Debtors filed a Suggestion of Bankruptcy (attached hereto as <u>Exhibit A</u>) with the Delaware Chancery Court, notifying the Chancery Court and the Defendants that the Debtors had filed the voluntary bankruptcy petitions and that "after the Petition Date, no cause of action may be commenced or prosecuted, and no judgment may be taken, against any of the Debtors outside of the Bankruptcy Court . . . " (Sugg. of Bankruptcy at 1)

4.     Notwithstanding the fact that some of the causes of action asserted in the Delaware Complaint were claims asserted directly against the non-Debtor Delaware Defendants, on January 19, 2010, the Debtors filed the Adversary Complaint seeking a declaratory judgment that the Delaware Causes of Action are derivative in nature and property of the bankruptcy estate.  A copy of the Adversary Complaint is attached as Exhibit B.

5.     On January 21, 2010, the Court granted the Debtors a Temporary Restraining Order prohibiting the Defendants from further prosecuting any of the Delaware Causes of Action.  The Court further ordered expedited discovery in order for the Defendants to properly prepare for the preliminary injunction hearing, now scheduled for March 30, 2010.

6.     The Defendants seek to prosecute only those claims that are property of the Defendants, not those that are property of, belong to, or directly concern, the bankruptcy estate.  For example, the third cause of action in the Delaware Complaint alleges breaches of fiduciary duties on the part of Nasser Kazeminy ("Kazeminy")[1] and Otto Candies[2].  Upon information and belief, Kazeminy and Otto Candies were at no relevant point officers or directors of the Debtors[3].

---

[1] In order to clarify the issue of "ownership" of the Delaware Causes of Action, the Defendants have attempted to take Mr. Kazeminy's deposition, but Mr. Kazeminy has thus far avoided personal service of a subpoena.

[2] Otto Candies, Jr. and Otto Candies, III are father and son and together are the principals of Otto Candies, LLC. On information and belief, the shareholder of record for the DMT shares owned by the Candies was at all times Otto Candies, LLC. For ease of reference we refer to the controlling shareholder as "Otto Candies."

[3] Otto Candies, Jr. was apparently on the Debtors' Board for "about two weeks." (Exhibit C at 15:5)

3

7. Under Delaware law, controlling shareholders have long been held to stand in a fiduciary relationship to the non-controlling shareholders. See Kelly v. Blum, 2010 WL 629850 (Del. Ch. Feb 24, 2010) ("Controlling shareholders . . . owe certain fiduciary duties to minority shareholders"); see also Gentile v. Rossette, 906 A.2d 91, 103 (Del. 2006) (finding that "harm to the minority shareholder plaintiffs resulted from a breach of a fiduciary duty owed to them by the controlling shareholder").

8. Thus, any causes of action asserted by the Defendants against Kazeminy or Otto Candies are direct claims that are property of the Defendants because they concern (a) the Defendants' original investment in the Debtors, (b) the continuation of that investment, and (c) personal dealings and communications with Kazeminy and Otto Candies. Similarly, the causes of action for unjust enrichment, fraud/misrepresentations, and wrongful equity dilution are direct claims against Kazeminy and Otto Candies and the prosecution of such causes of action will not prejudice, nor are such claims property of, the bankruptcy estate.

9. The Defendants respectfully request that the Court reserve ruling on this Motion until after the Court renders its decision on the preliminary injunction, which, in many ways, addresses the same issues as are raised by this Motion.

10. The Defendants reserve the right to submit a supplemental brief in support of this Motion at a later date, prior to the Court rendering a decision on the Motion.

WHEREFORE, the Defendants request that the Debtors' Adversary Complaint be dismissed in its entirety, on the merits, and with prejudice, and that the bankruptcy stay be lifted vis-à-vis the non-Debtor Delaware Defendants.

Dated: February 26, 2010

Respectfully submitted,

PADUANO & WEINTRAUB LLP

/s/ *Anthony Paduano*
Anthony Paduano (Admitted *pro hac vice*)
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
ap@pwlawyers.com

JASPAN SCHLESINGER LLP
913 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 351-8000

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 26, 2010, a true and correct copy of the foregoing document was served on all parties on the attached service list by electronic means as listed on the court's ECF noticing system and by electronic mail as indicated.

/s/ *Jason Snyder*
Jason Snyder

David S Eagle, Esq.
Kelley Green, Esq.
Klehr Harrison, Harvey, Ransburg & Eller's, LLP
919 Market Street
Suite 1000
Wilmington, DE 19801-3062
deagle@klehr.com
KGreen@klehr.com

Robert R. Weinstine, Esq.
Winthrop and Weinstine
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402-4629
RWeinstine@winthrop.com
JWindler@winthrop.com

Kurt Heyman, Esq.
Patricia Enerio, Esq.
Proctor Heyman LLP
Wilmington, DE 19801
penerio@proctorheyman.com
kheyman@proctorheyman.com

Casey T Wallace, Esq.
Sandy D. Hellums, Esq.
Haynes and Boone LLP
One Houston Center
12212 McKinney Street, Suite 2100
Houston, Texas 77010-2007
casey.wallace@haynesboone.com
sandy.hellums@haynesboone.com

Joseph Schoell, Esq.
Todd Schiltz, Esq.
Drinker Biddle
1100 North Market Street
Suite 1001
Wilmington, DE 19801
Joseph.Schoell@dbr.com
Todd.schiltz@dbr.com

Geoffrey L. Harrison, Esq.
Eric J. Mayer, Esq.
Sammy Ford IV, Esq.
Sussman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
gharrison@susmangodfrey.com
sford@susmangodfrey.com

Kevin W Goldstein, Esq.
Stradley Ronan Stevens & Young, LLP
300 Delaware Avenue Suite 800
Wilmington, DE 19802
kgoldstein@stradley.com
fgauthier@stradley.com

Thomas J. Cortazzo, Esq.
Jena W. Smith, Esq.
Baldwin Haspel Burke & Mayer LLC
110 Poydras Street
Energy Center 22nd Floor
New Orleans, LA 70163-2200
tcortazzo@bhbmlaw.com
smith@bhbmlaw.com

John J. Murphy, III, Esq.
Stradley Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
jmurphy@stradley.com

Rick S. Miller, Esq.
Ferry, Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
RMiller@eapdlaw.com

Michael J. Maimone, Esq.
Joseph B. Cicero, Esq.
Gregory E. Stuhlman, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
maimonem@gtlaw.com
ciceroj@gtlaw.com
stuhlmang@gtlaw.com

K.B. Battaglini, Esq.
Greenberg Traurig, LLP
1000 Louisiana, Street, Suite 1700
Houston, TX 77002
BattagliniK@gtlaw.com

Laurie Schenker Polleck, Esq.
Jaspan Schlesinger LLP
913 Market Street, 12th Floor
Wilmington DE 19801
lpolleck@jshllp-de.com

Steve Schlesinger, Esq.
Lisa Golden Esq.
Michael Leon, Esq.
Jaspan Schlesinger LLP
Garden City Plaza, Floor 5
Garden City, NY  11530-3333
sschlesinger@jaspanllp.com
lgolden@jaspanllp.com
mleon@jaspanllp.com

Denise Seastone Kraft
Tyler O'Connell Esq.
Edwards Angell Palmer & Dodge LLP
919 North Market Street, Ste 1500
Wilmington, DE 19801
TOConnell@eapdlaw.com
DKraft@eapdlaw.com

Rick Lesser
Lesser & Associates
423 South Pacific Coast Highway
Suite 206
Redondo Beach, California 90277
lesser@divelaw.com
lizardbrane@aol.com

Marcy Kurtz, Esquire
Jason Cohen, Esquire
Will Anderson, Esquire
Trey Wood, Esquire
Bracewell & Giuliani
711 Louisiana Street
Suite 2300, Houston Texas 77002-2770
marcy.kurtz@bgllp.com
jason.cohen@bgllp.com
will.anderson@bgllp.com
trey.wood@bgllp.com

Tony M. Davis
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002
tony.davis@bakerbotts.com

John Bittner
Grant Thornton LLP
1717 Main Street
Dallas, TX 75201
John.Bittner@gt.com