

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/26/2010

| | | |
|---|---|---|
| IN RE: | § | |
| **DEEP MARINE HOLDINGS, INC.**, *et al*, | § | Case No. 09-39313 |
| Debtor(s). | § | |
| | § | Chapter 11 |
| | § | |
| **DEEP MARINE HOLDINGS, INC.**, *et al*, | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 10-3026 |
| | § | |
| **FLI DEEP MARINE LLC**, *et al*, | § | |
| Defendant(s). | § | Judge Isgur |

### ORDER GRANTING (TEMPORARY) PROTECTION
### ORDER RESETTING EMERGENCY HEARING
### ORDER DENYING MOTIONS TO DISMISS

Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated filed an emergency motion for a protective order regarding certain discovery being undertaken by the Defendants. The Court reviewed the emergency motion and concluded that an emergency hearing was required. Based on the e-mails from Defendants' counsel that were attached to the motion, it appeared that third party depositions were being set in Las Vegas (for Monday, March 1) and in Chicago (for Wednesday, March 3). The Deep Marine entities were only given notice of the depositions on Thursday, February 25, 2010. Trial is not scheduled until March 30, 2010. Absent an affirmative showing by the Defendants to the contrary, the notice is presumptively not reasonable under Fed. R. Civ. P. 30(b)(1).

Subpoenas for third party depositions were being sent without notice to the Deep Marine entities. It appears that the parties are not engaging in cooperative (or at least, coordinated) discovery as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated into Fed. R. Bankr. P. 7026. The Court scheduled a hearing for 4:15 p.m. on February 26, 2010 to consider whether protection was required.

Counsel for the Defendants immediately contacted the Court's Case Manager and advised that (i) inclement weather in New York would preclude an effective telephonic appearance by Defendants' counsel; and (ii) no depositions were scheduled for March 1, 2010.

Based on the representations of Defendants' counsel, the Court orders as follows:

1. The hearing scheduled for 4:15 p.m. on February 26, 2010 is continued until 2:30 p.m. on March 1, 2010.

2. No further discovery shall be sought prior to the March 1, 2010 hearing.

3. The depositions scheduled for March 1, 2010 are canceled.

4. The parties shall confer under Rule 26(f) prior to the 2:30 p.m. hearing. At the conference, the parties shall make reasonable scheduling accommodations for opposing counsel and shall agree on the timing (if not the scope) of discovery.

In reviewing the docket sheet to prepare for the emergency hearing, the Court noted two motions to dismiss filed today by the Defendants. The latest was filed at 2:52 p.m., notwithstanding the inclement weather. The motions to dismiss are frivolous. As the Court has previously ruled, at least some of the Delaware complaint alleges causes of action that are estate property. If at least some of the Delaware complaint alleges causes of action that are estate property, then a Rule 12(b0(6) motion must be denied.

The Court is concerned that the motions to dismiss were inappropriately filed in order to delay the Defendants' answer date. There is no colorable basis on which the motions could be granted. The motions filed at docket # 66 and #67 are denied and are stricken as being frivolous. The Defendants are ordered to answer the complaint in accordance with their duties under Fed. R. Civ. P. 8 as incorporated by Fed. R. Bankr. P. 7008. The answer must be filed not later than March 5, 2010 at 5:00 p.m.

SIGNED **February 26, 2010.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE