IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered Chapter 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC., | § | |
| and DEEP MARINE TECHNOLOGY | § | |
| INCORPORATED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-3026 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS, LTD., LOGAN | § | |
| LANGBERG, HARLEY LANGBERG, | § | |
| and DEEPWORK, INC. | § | |
| | § | |
| Defendants. | | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT
(Relates to Doc. No. 1)

Defendants FLI Deep Marine LLC, Bressner Partners, Ltd., Logan Langberg and Harley Langberg (the "Defendants") as and for their Answer and Affirmative Defenses, in response to the correspondingly numbered paragraphs of the Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (the "Adversary Complaint") by Plaintiffs Deep

Marine Holdings, Inc. and Deep Marine Technology Incorporated (together, "DMT" or "Plaintiffs"), allege as follows:

## ANSWER

### I.  PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore deny the same.

2. Admitted.

    (a) Admitted.

    (b) Admitted.

    (c) Admitted.

    (d) Admitted.

    (e) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(e) and therefore deny the same.

### II.  JURISDICTION AND VENUE

3. Whether or not this Court has jurisdiction over this adversary proceeding is a legal conclusion to which no response is required. Likewise, whether or not this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), (G), and (O) and whether or not venue is proper in this district are legal conclusions to which no response is required.  To the extent that a response to these allegations is deemed necessary, such allegations are denied.

## III. BACKGROUND FACTS

4. Admitted.

5. Admitted.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore deny the same.

7. Admitted.

8. On information and belief, the exchange of shares in Deep Marine Technology Incorporated for shares in Deep Marine Holdings, Inc. was consummated on March 27, 2008, not 2009 as indicated in the Adversary Complaint. The Defendants admit the remaining allegations in paragraph 8.

9. The complaint filed in the Delaware Action speaks for itself.

## IV. CAUSES OF ACTION

### COUNT ONE: DECLARATORY JUDGMENT

10. To the extent necessary or appropriate, the Defendants incorporate herein their responses from the foregoing paragraphs.

11. The provisions of the Uniform Declaratory Judgment Act speak for themselves. All other allegations in paragraph 11 are denied.

12. Whether or not declaratory relief is proper here is a legal conclusion to which no response is required. Likewise, whether or not the Delaware Causes of Action may be properly categorized as derivative claims is a legal conclusion to which no response is required. The Defendants admit that Paul McKim brought a

case against the defendants named in the Delaware Actions that was based on many of the same facts as the Delaware Action. The Defendants also admit the case brought by McKim was ultimately dismissed after McKim lost standing when the Debtors stripped McKim of his shares in the Debtors. All other allegations in paragraph 12 are denied.

13. Defendants lack knowledge or information sufficient to form a belief as to the timing of the dismissal of the Texas Action or to the causes of action in the Texas Action.

14. The Defendants admit that they filed a derivative complaint in the Delaware Chancery Court on November 3, 2008, but deny that the Delaware Causes of Action are substantially similar to the causes of action in the November 3, 2008 derivative complaint.

15. Denied.

16. The allegations in paragraph 16 call for a legal conclusion to which no response is required. Furthermore, the provisions of 28 U.S.C. § 1334 speak for themselves. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

### COUNT TWO: ENFORCEMENT OF THE AUTOMATIC STAY

17. To the extent necessary or appropriate, the Defendants incorporate herein their responses from the foregoing paragraphs.

18. The allegations in paragraph 18 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

19. Admitted that the Delaware Plaintiffs filed a letter with Vice Chancellor Strine after they received the Suggestion of Bankruptcy, but prior to the time the Court issued the TRO.

20. The allegations in paragraph 20 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

### COUNT THREE: VIOLATION OF THE AUTOMATIC STAY

21. To the extent necessary or appropriate, the Defendants incorporate herein their responses from the foregoing paragraphs.

22. The allegations in paragraph 22 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied. The Defendants have not violated the bankruptcy stay.

23. The allegations in paragraph 23 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied. The Defendants have not violated the bankruptcy stay.

### COUNT FOUR: TURNOVER OF PROPERTY OF THE ESTATE

24. To the extent necessary or appropriate, the Defendants incorporate herein their responses from the foregoing paragraphs.

25. The allegations in paragraph 25 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

## V.  APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

26. Section 105 of the Bankruptcy Code speaks for itself, and no further response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

27. The allegations in paragraph 27 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

28. The allegations in paragraph 28 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

29. The allegations in paragraph 29 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

30. The allegations in paragraph 30 call for a legal conclusion to which no response is required. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

31. The allegations in paragraph 31 do not require a response. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

32. The allegations in paragraph 32 do not require a response. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

33. The allegations in paragraph 33 do not require a response. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

## VI.  BOND

34. The allegations in paragraph 34 do not require a response. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

## VII.  REQUESTED RELIEF

35. The allegations in paragraph 35 do not require a response. To the extent that a response to these allegations is deemed necessary, such allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Debtors' claims are barred, in whole or in part, because the Debtors fails to state claims upon which relief can be granted and fails to state facts that support the claims set forth in the Adversary Complaint.

### Second Affirmative Defense

The Debtors' claims are barred, in whole or in part, by their own actions and omissions.

### Third Affirmative Defense

The Debtors' claims are barred, in whole or in part, by the doctrine of fraud.

### Fourth Affirmative Defense

The Debtors' claims are barred, in whole or in part, by their unclean hands.

### Fifth Affirmative Defense

The Debtors' claims are barred, in whole or in part, by the existence of direct claims against the non-Debtor Delaware Defendants.

WHEREFORE, based upon these answers and affirmative defenses, the Defendants respectfully request that this Court:

(a) Dismiss the Adversary Complaint in its entirety, on the merits, and with prejudice;

(b) Award the Defendants costs and attorneys' fees.

Dated:   March 5, 2010

        Respectfully submitted,

        PADUANO & WEINTRAUB LLP

          /s/ Anthony Paduano
        Anthony Paduano (Admitted *pro hac vice*)
        1251 Avenue of the Americas
        Ninth Floor
        New York, New York 10020
        (212) 785-9100
        ap@pwlawyers.com

        JASPAN SCHLESINGER LLP
        913 North Market Street, 12th Floor
        Wilmington, Delaware  19801
        (302) 351-8000

        Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2010, a true and correct copy of the foregoing document was served on all parties on the attached service list by electronic means as listed on the court's ECF noticing system and by electronic mail as indicated.

/s/ *Jason Snyder*
Jason Snyder

David S Eagle, Esq.
Kelley Green, Esq.
Klehr Harrison, Harvey, Ransburg & Eller's, LLP
919 Market Street
Suite 1000
Wilmington, DE 19801-3062
deagle@klehr.com
KGreen@klehr.com

Robert R. Weinstine, Esq.
Winthrop and Weinstine
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402-4629
RWeinstine@winthrop.com
JWindler@winthrop.com

Kurt Heyman, Esq.
Patricia Enerio, Esq.
Proctor Heyman LLP
Wilmington, DE 19801
penerio@proctorheyman.com
kheyman@proctorheyman.com

Casey T Wallace, Esq.
Sandy D. Hellums, Esq.
Haynes and Boone LLP
One Houston Center
12212 McKinney Street, Suite 2100
Houston, Texas 77010-2007
casey.wallace@haynesboone.com
sandy.hellums@haynesboone.com

Joseph Schoell, Esq.
Todd Schiltz, Esq.
Drinker Biddle
1100 North Market Street
Suite 1001
Wilmington, DE 19801
Joseph.Schoell@dbr.com
Todd.schiltz@dbr.com

Geoffrey L. Harrison, Esq.
Eric J. Mayer, Esq.
Sammy Ford IV, Esq.
Sussman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
gharrison@susmangodfrey.com
sford@susmangodfrey.com

Kevin W Goldstein, Esq.
Stradley Ronan Stevens & Young, LLP
300 Delaware Avenue Suite 800
Wilmington, DE 19802
kgoldstein@stradley.com
fgauthier@stradley.com

Thomas J. Cortazzo, Esq.
Jena W. Smith, Esq.
Baldwin Haspel Burke & Mayer LLC
110 Poydras Street
Energy Center 22nd Floor
New Orleans, LA 70163-2200
tcortazzo@bhbmlaw.com
smith@bhbmlaw.com

John J. Murphy, III, Esq.
Stradley Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
jmurphy@stradley.com

Rick S. Miller, Esq.
Ferry, Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
RMiller@eapdlaw.com

Michael J. Maimone, Esq.
Joseph B. Cicero, Esq.
Gregory E. Stuhlman, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
maimonem@gtlaw.com
ciceroj@gtlaw.com
stuhlmang@gtlaw.com

K.B. Battaglini, Esq.
Greenberg Traurig, LLP
1000 Louisiana, Street, Suite 1700
Houston, TX 77002
BattagliniK@gtlaw.com

Laurie Schenker Polleck, Esq.
Jaspan Schlesinger LLP
913 Market Street, 12th Floor
Wilmington DE 19801
lpolleck@jshllp-de.com

Steve Schlesinger, Esq.
Lisa Golden Esq.
Michael Leon, Esq.
Jaspan Schlesinger LLP
Garden City Plaza, Floor 5
Garden City, NY  11530-3333
sschlesinger@jaspanllp.com
lgolden@jaspanllp.com
mleon@jaspanllp.com

Denise Seastone Kraft
Tyler O'Connell Esq.
Edwards Angell Palmer & Dodge LLP
919 North Market Street, Ste 1500
Wilmington, DE 19801
TOConnell@eapdlaw.com
DKraft@eapdlaw.com

Rick Lesser
Lesser & Associates
423 South Pacific Coast Highway
Suite 206
Redondo Beach, California 90277
lesser@divelaw.com
lizardbrane@aol.com

Marcy Kurtz, Esquire
Jason Cohen, Esquire
Will Anderson, Esquire
Trey Wood, Esquire
Bracewell & Giuliani
711 Louisiana Street
Suite 2300, Houston Texas 77002-2770
marcy.kurtz@bgllp.com
jason.cohen@bgllp.com
will.anderson@bgllp.com
trey.wood@bgllp.com

Tony M. Davis
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002
tony.davis@bakerbotts.com

John Bittner
Grant Thornton LLP
1717 Main Street
Dallas, TX 75201
John.Bittner@gt.com