UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DEEP MARINE HOLDINGS, INC., et al. | § § | CASE NO. 09-39313 |
| | § | (Chapter 11) |
| Debtor | § | (Jointly Administered) |

| | | |
|---|---|---|
| DEEP MARINE HOLDINGS, INC. AND DEEP MARINE TECHNOLOGY INC., | § § § | |
| Plaintiffs | § § | |
| V. | § § | ADVERSARY NO. 10-03026 |
| FLI DEEP MARINE LLC, et al., | § § | |
| Defendants | § | |

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | § § § § | |
| Plaintiff | § | |
| V. | § § | ADVERSARY NO. 10-3116 |
| FLI DEEP MARINE LLC, et al., | § § | |
| Defendants | § | |

## MOTION TO MODIFY ABATEMENT ORDER

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Nasser Kazeminy, NJK Holding Corp. and DCC Ventures, LLC (collectively, the "Kazeminy Parties"), and Otto Candies, Jr., Otto Candies, III, Otto Candies, LLC and Candies Shipbuilders, LLC (collectively, the "Candies Parties") (the Kazeminy Parties

and the Candies Parties are collectively referred to as the "Movants"), parties in interest herein, and for their Motion to Modify Abatement Order, would respectfully show the Court as follows:

1. At a hearing held on September 17, 2010, at the request made by counsel for Deep Marine Holdings, Inc. and Deep Marine Technology Inc. ("Debtors"), John Bittner, Liquidating Trustee (as substitute plaintiff for the Official Committee of the Unsecured Creditors Committee (the "Trustee")), and Defendants FLI Deep Marine, LLC, *et al*. (collectively, "FLI"), the Court entered its Abatement Order (docketed at Docket No. 117 in adversary proceeding 10-3026 and at Docket No. 56 in adversary proceeding 10-3116, collectively referred to as the "FLI Proceedings"). The Abatement Order requires that all parties in the above-captioned adversary proceeding conduct a "face-to-face" settlement meeting by October 28, 2010. To date, such a settlement meeting has not occurred.

2. Although the Movants are not parties to the adversary proceedings in which the Abatement Order was entered, the Court directed their involvement in the face-to-face meetings.

3. On October 18, 2010 at the Status Conference in Adversary No. 10-03312 (the "Trust Litigation"), the Court established a settlement procedure in which the Movants and the Trustee, as well as General Electric Capital Corporation ("GECC"), can settle or mediate their disputes by December 15, 2010. In so directing, the Court stated that the FLI Proceedings were between the Debtors, the Trust, and FLI. As such, the Court expressly stated that FLI need not be involved in the mediation in the Trust Litigation.

4. After considering the Court's statements made on October 18, 2010, counsel for the Debtors, the Trustee, and Movants all agree that a "face-to-face" settlement meeting with FLI will not be a productive use of the resources of the parties, including that of the estate.[1]

---

[1] As an example of the excessive use of resources the ordered meeting would require, the main counsel for the Movants, who are located in Minneapolis and New Orleans and who have attended the hearings in this case on

5. Representatives of both firms which serve as counsel for the Trustee in the FLI Proceedings have reviewed the Motion and consented to the Court's modifying the Abatement Order to relieve the parties of the necessity for the face-to-face meeting. At the status/settlement conference already scheduled in the FLI Proceedings on November 18, the parties can provide the Court with further status regarding the settlement efforts and the Court may determine whether to re-impose the meeting requirement at that time. Further, counsel for FLI has stated that FLI takes no position related to this Motion and thus, neither opposes nor supports the requested relief.

WHEREFORE, PREMISES CONSIDERED, the Movants respectfully request that the Court modify the Abatement Order to eliminate the requirement for a face-to-face meeting on or before October 28, 2010, without prejudice to re-imposing that requirement based on the state of matters in future proceedings herein, and that they have such other and further relief to which they may be entitled.

Dated: October 21, 2010

THOMAS S. HENDERSON, Attorney At Law

By: _/s/ TS Henderson_
Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:  (713) 620-3023

COUNSEL FOR THE MOVANTS

---

October 18 and are scheduled to return for a hearing on November 2, would be required to make a third trip to Houston in a three week period, together with the principals of the Movants. Moreover, despite the progress in settlement dialogue in the litigation between the Trustee and Movants, the likelihood of global resolution through the ordered face-to-face meeting is, at this time, remote at best.

**CERTIFICATE OF CONFERENCE**

I hererby certify that on October 21, 2010, I had a telephone conference with Anthony Paduano, attorney for the FLI defendants, to advise of the intention of seeking the relief described herein. Mr. Paduano, after conferring with his clients, advised that they would take no position either opposing or supporting the requested relief.

_____
Thomas S. Henderson

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been served on the attorneys for all parties to the above-captioned adversary proceedings, by ECF filing on the 21st day of October, 2010.

_____